(70 App. Div. 370.)

In re DOHENY et al.

(Supreme Court, Appellate Division, Fourth Department. March 11, 1902.)

1. WILLS—TESTAMENTARY TRUST—TAXES UPON TRUST PROPERTY.
  Where a testator devised a particular portion of his real estate in trust to certain persons, taxes assessed against such property during the life of the testator were not a charge upon the trust estate, but were payable out of the general estate, the same as any other indebtedness of the testator.

2. SAME—CONTEST OF WILL—TEMPORARY ADMINISTRATORS—SETTLEMENT—DISCHARGE — TESTAMENTARY CESTUI QUE TRUST — ESTOPPEL — IMPROPER CHARGES AGAINST TRUST ESTATE.
  A will devising realty in trust was contested, and the executors appointed special administrators. The will was afterwards probated, and the special administrators discharged; the court decreeing that the balance in their hands should be turned over to themselves as executors. The balance shown in the account of the special administrators, which was adopted by the court, was reached by charging the trust estate with taxes against the trust property assessed during the life of the testator. The executors and trustees were thereafter discharged; the former account being included in, and adopted by, their final account. *Held*, that the decree discharging the special administrators, although entered after notice to all parties, did not estop the cestuis que trustent from claiming credit on the final settlement of the trustees for the amount paid as taxes, since such decree did not purport to settle the estate, but only to transfer it from the special administrators to the executors, upon whom the duty then devolved of distributing it according to the will.

Appeal from special term, Onondaga county. ·

Petition by George Doheny and another, as executors under the will of Patrick Lynch, for settlement and discharge. From an order discharging the petitioners, cestuis que trustent under the will appeal. Modified and affirmed.

The proceeding was instituted on the 29th day of May, 1901, by the respondent trustees, by service of their petition duly verified on that day, in which they asked for a settlement of their account, for allowance of their commissions, and for permission to resign as such trustees.

Argued before McLENNAN, SPRING, WILLIAMS, HISCOCK, and DAVY, JJ.

William S. Jenney, for appellants.

Leroy B. Williams, for respondents.

McLENNAN, J. Patrick Lynch, of the city of Syracuse, N. Y., died on the 15th day of September, 1898, leaving a last will and testament, in which the respondents, George Doheny and John G. Lynch, were named executors, and which, among others, contained the following provision:

"Second. I give, devise, and bequeath to my executors hereinafter named the store and premises known as No. 128 E. Genesee St., in Syracuse (being about twenty feet on said street, and now leased in part to Bartel's Brewing Co.), in trust, nevertheless, for the following uses and purposes, to wit: To rent or let to the best advantage, and from the income thereof to pay all taxes, assessments, and repairs, and pay the remainder of the net income and rents thereof to my daughter Mary L. Pendergast quarterly during the

term of her natural life; and upon her death they shall convey and deliver said real estate to the children of my said daughter then living."

Upon the will being offered for probate, objections were made; and on the 5th day of October, 1898, the respondents were appointed temporary administrators of the estate, to act pending the hearing of such objections, and were authorized to take possession "of the real and personal property of which said Patrick Lynch died seised and possessed, and receive the income, rents, and profits thereof as the same became due and payable, until the further order of the court; and they are also hereby authorized to lease the real estate of which said deceased died seised for not more than one year, and to pay from the income thereof all taxes and assessments thereon, and to keep the same in repair, and to pay therefor from the income thereof; also to pay the debts and expenses attending the last sickness and funeral of said deceased." The respondents, as such temporary administrators, immediately entered upon the discharge of their duties, took possession of all the real and personal property of which the deceased died seised, collected the rents and income thereof, and received from all sources the sum of $13,405.59. From the moneys in their hands they paid the debts and expenses attending the last sickness and funeral of the deceased, and other debts of the estate, amounting in the aggregate to the sum of $12,847.59, leaving a balance in their hands of $558.

The will of Patrick Lynch was duly probated on the 2d day of February, 1899, and thereby the respondents became executors and trustees under such will. Thereupon, and on the 8th day of February, 1899, they presented their petition as temporary administrators to the surrogate of Onondaga county, asking for a settlement of their accounts and their discharge, and made a detailed statement of their receipts and expenditures a part of such petition. By such statement of account it appeared that on the 3d day of January, 1899, the temporary administrators paid to "E. F. Allen, Treas., state and county taxes 1898, estate of P. Lynch, $1,504.25." Also under date of February 3, 1899, was the following item: "E. F. Allen, Treas., city taxes 1898, 130 E. Genesee St. [the trust property], $359.68." It appears by the affidavits used upon this proceeding, although not indicated by the account, that of the first item, of $1,504.25, $85.02 was for taxes on the trust property; and the account itself indicates that was true of the whole of the second item. Notice of the presentation of such petition, of which the statement of account constituted a part, was given to all parties interested, and, there being no objection, a decree was duly made by the surrogate's court adjudging, in substance, that the account presented was correct; that there was a balance in the hands of the temporary administrators of $558. Their commissions were fixed at $324.06, and their costs at $70, leaving a balance of $163.94, which they were directed to pay to themselves as executors of the will of Patrick Lynch, deceased. Upon such payment being made, it was adjudged that the temporary administrators should be discharged, and their accounts as such finally settled. Thereupon the respondents entered upon the discharge of their duties as executors and trustees un-

der the will of Patrick Lynch, deceased, and continued to act as such until the order appealed from was made, which permitted them to resign as trustees, and settled their accounts. The controversy arises over the order so far as it settles such account, in that the cestui que trust was not credited with the two items above referred to, paid by the temporary administrators for taxes upon the trust property.

The facts are not in controversy. The temporary administrators, in making up their account as such, did not make any distinction between moneys received from the estate generally and those received from the trust property; and the same was true with reference to their expenditures. Such bookkeeping was entirely proper, or, at least, it was immaterial, so far as the appellants were concerned, because at that time, a contest existing as to the validity of the will, no one could know whether or not there would be a trust estate. If the contest had been successful, the deceased would have died intestate, and there would have been no trust estate, or cestuis que trustent. Even under such circumstances it undoubtedly was the duty of the temporary administrators to have kept the income from, and disbursements made in connection with, the real property, separate and distinct from the receipts and expenditures affecting the estate generally, to the end that the real estate, with the net accumulations, might be turned over to the heirs in case there was sufficient personal property to pay the indebtedness against the estate; but the appellants had no interest or concern in what the temporary administrators did in that regard, because, so far as then appeared, they had no interest in the estate, and would not have unless the will should be declared valid. The appellants, even had they known that the temporary administrators were paying the debts of the general estate with the net income received from the East Genesee street property, could not have been heard to complain, because at that time, so far as was known, it was not trust property, and the appellants had no interest to protect in that regard. Their interest commenced when it was established that the deceased had made a valid will which created a trust for their benefit. The will, however, having been admitted to probate, and a trust estate having been thereby created, it became necessary to determine the rights of the parties as of the time of the testator's death; and then, and only then, it became important to determine the rights of the cestuis que trustent in the real estate in question; and the simple question is presented whether the method of bookkeeping adopted by the temporary administrators, which, we may assume, was approved by the decree of the surrogate's court discharging the respondents as such, can in any manner affect the rights of the cestuis que trustent. It appears that the two items paid for taxes above referred to were paid by the temporary administrators out of funds received from the rents and income of the trust estate. The taxes for the year 1898 upon the real property constituting the trust estate, having been assessed prior to the death of Patrick Lynch, were not a charge against such trust estate, but were payable out of the general estate, the same as any other indebtedness of the testator. In re Babcock, 115 N. Y. 450, 22 N. E. 263. It is therefore only necessary to inquire whether the

decree made by the surrogate's court discharging the temporary administrators, and which directed them to turn over all the property of the estate to the executors under the will, which then had been admitted to probate, was of such a character as .to estop the appellants from claiming credit for the amount which the temporary administrators had paid for the benefit of the general estate out of the funds belonging to the cestuis que trustent. The decree of the surrogate's court discharging the temporary administrators in no manner purports to settle the estate as between the several interested parties. It is not a decree of distribution. It in no manner assumes to determine what part or portion was included in the trust, or remained a part of the general estate. It in no manner purported to strike a balance between the receipts and expenditures affecting the trust property. It did not assume to direct that any sum should be paid over to the trustees by the temporary administrators. The decree simply determined that the temporary administrators had received from all sources out of the estate a certain sum; had expended for all purposes in connection therewith a certain other sum, leaving a balance of $558 in their hands, which, less their commissions and costs, they were directed to pay over, not to themselves as trustees, but to themselves as executors under the will of Patrick Lynch, deceased. Undoubtedly, the decree having been made upon notice to all the parties interested, if it had determined that the balance of $558, less the commissions and costs, belonged to the trustees, and had directed that that amount be paid to them as such, the trustees and those claiming under them would have been bound by such determination; and, if mistake had occurred, it could only be corrected by a review of such decree. But no such determination was made, and such balance was not directed to be paid to the respondents as trustees, but to them as executors, and such balance and the entire estate were turned over to them as such executors. It therefore became their duty to adjust the accounts of the estate between themselves as executors and themselves as trustees. Certainly the cestuis que trustent were in no position to compel such adjustment until the respondents, as trustees, presented their account as such, because then, so far as appears, for the first time, the cestuis que trustent knew that it was proposed to use money which belonged to them with which to pay the general indebtedness of the estate. There was nothing in the decree of the surrogate which authorized the respondents to credit the balance which remained in their hands as temporary administrators to themselves as trustees, rather than to themselves as executors. Under the decree as executors, they became possessed not only of the balance remaining in their hands as temporary administrators, but of the entire estate; and it then became their duty to make proper distribution, as between the appellants and the others interested in the estate. There was nothing in the decree which discharged them as temporary administrators to prevent them from so doing, and we think there is nothing in such decree to prevent the appellants from compelling such action. The decree made by the surrogate's court on the final settlement of the temporary administrators' account determined nothing beyond the amounts received and paid out by them. Johnson v. Richards, 3 Hun, 454. The relief sought by

the appellants is equitable. By granting it, no injustice can result to any interested party. The respondents presumably have the funds in their possession as executors with which to credit the estate which was in their hands as trustees with the amount which had been improperly taken from the trust funds and used for the purposes of the general estate.

The conclusion is reached that the order appealed from should be modified so as to provide that the account of the respondents as trustees be corrected by disallowing the items of $359.68 and $85.02, and directing that such sums be paid to the appellants; and as so modified the order is affirmed, with $10 costs and disbursements to the appellants, payable out of the money of the estate other than trust property. All concur, except HISCOCK, J., not voting.