### WILLETS et al. v. HAINES et al.

(Supreme Court, Appellate Division, First Department. June 29, 1904.)

1. EXECUTORS—SUIT IN REPRESENTATIVE CAPACITY—DEFECT IN TITLE.

   Where the complaint described plaintiffs as surviving executors under a will, and the owners and holders of the judgment sued on, which they had formerly recovered in their capacity as executors, plaintiffs were entitled to recover in their representative capacity, although in the title of the action the word "as," between the names of the plaintiffs and the words descriptive of their representative capacity, was omitted.

2. SAME—ACCOUNTING—DISCHARGE.

   Executors recovered a judgment in their representative capacity on notes, and thereafter accounted, setting out the notes and judgment as debts uncollected; and, though directed by the decree to turn over the assets to themselves as trustees, there was no decree discharging them as executors, nor any assignment of the judgment by them as executors to themselves as trustees. Code Civ. Proc. § 2742, providing what shall be the effect of judicial settlement of an executor's account, does not, in terms, provide for his final discharge. *Held*, that the executors were not discharged, and hence not precluded from suing as executors on the judgment.

   Van Brunt, P. J., dissenting.

Appeal from Trial Term, New York County.

Action by John T. Willets and others, as executors, against Franklin Haines and another. From a judgment for plaintiffs, defendant Haines appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and LAUGHLIN, JJ.

William W. Niles, for appellant.
Wilson M. Powell, Jr., for respondents.

McLAUGHLIN, J. This appeal is from a judgment entered on a verdict directed by the court. The action was brought to recover the amount of a judgment. At the conclusion of the trial, there being no dispute as to the facts involved, the court directed the jury to render a verdict for the amount of the judgment, with interest thereon from the date of its entry, December 12, 1883. A verdict was accordingly rendered, and, from the judgment entered thereon, defendant has appealed, and asks for a reversal, substantially upon two grounds:

1. That the plaintiffs have no interest in the judgment sued on, and therefore the motion made to dismiss at the close of plaintiffs' case ought to have been granted. What is claimed in this respect is that the judgment recovered belonged to the plaintiffs, as executors or trustees under the will of Samuel Willets, deceased, and that this action is brought by them, not as executors or trustees, but personally. It is true that in the title of the action in the summons and complaint the word "as," between the names of the plaintiffs and the words descriptive of their representative capacity, is omitted; but it does not necessarily follow, because of such omission, that the action is brought in a personal, and not a representative, capacity. On the contrary, it clearly appears from the allegations of the complaint that

the action is brought by them as executors, and not otherwise. They described themselves as such, and allege that they are the "surviving executors under said will, and the owners and holders of said judgment." This is sufficient to bring the case under the general rule that where the averments in a complaint are such as to affix to the plaintiff a representative character and standing in the litigation, and to show that the cause of action, if any, devolved upon him solely in that character, the omission in the title to the action of the word "as," between the name of the plaintiff and the words descriptive of his representative capacity, does not prevent him from claiming that the action is brought and recovery is to be had by him in the latter capacity. Beers v. Shannon, 73 N. Y. 292.

Second. It is claimed that the plaintiffs, as executors under the will of Samuel Willets, have ceased to exist, and that they are now trustees under such will. The judgment sued on was recovered by them as executors, and they thereafter accounted as such. The original judgment was based upon certain promissory notes. These notes, as well as the judgment, were set out in the account filed by the plaintiffs, as executors, as debts uncollected. The assets which the executors had at the time the accounting was had were directed by decree to be turned over to them as trustees, but there was no decree discharging them as executors, nor was there any assignment of the judgment made by them as executors to themselves as trustees. I do not think the settlement referred to discharged them as executors. Section 2742 of the Code of Civil Procedure provides what shall be the effect of the judicial settlement of an executor's account. His final discharge is not, in terms, provided for; nor was it, as already said, here decreed. It is undoubtedly true that when executors, under a surrogate's decree upon their accounting, turn over to themselves, as trustees, the balance of the estate found to be in their hands, it is, in effect, a discharge with respect to the property so turned over, but it does not follow from this that their functions as executors are thereby absolutely terminated. Mahoney v. Bernhard, 45 App. Div. 499, 63 N. Y. Supp. 642, affirmed 169 N. Y. 589, 62 N. E. 1097. On the contrary, they continue as executors with respect to the assets not turned over. The subject is referred to by Mr. Redfield in his work on Law & Practice of Surrogates' Courts (4th Ed.) 788, where he says: "Other assets may be realized and new liabilities incurred, and as to these the executorial duty continues." See, also, Matter of Doheny, 70 App. Div. 370, 75 N. Y. Supp. 24.

The judgment appealed from is right, and should be affirmed, with costs.

O'BRIEN, HATCH, and LAUGHLIN, JJ., concur. VAN BRUNT, P. J., dissents.