separation took place she has supported all of said children, and has had the sole care and custody of them. The fact that the infant whose possession the relator now seeks to obtain is in Italy was not disputed by him; nor was the fact that since the separation above alluded to took place all of the children have been entirely supported by the appellant, and that she has, during that time, had their sole care and custody.

Upon the undisputed facts I am of the opinion that the writ should have been dismissed. It might well be doubted, under the decision in People ex rel. Winston v. Winston, 31 App. Div. 121, 52 N. Y. Supp. 814, whether the court had any jurisdiction to adjudicate as to the custody of the child. This decision, it is claimed, has been overruled by People ex rel. Billotti v. New York Juvenile Asylum, 57 App. Div. 383, 68 N. Y. Supp. 279, and People ex rel. Dunlap v. New York Juvenile Asylum, 58 App. Div. 133, 68 N. Y. Supp. 656. It is difficult to reconcile, in some respects, these decisions, but the conclusion at which I have arrived renders it unnecessary to determine whether or not the former is overruled by the two latter. Under the Domestic Relations Law (chapter 272, p. 215, Laws of 1896) the rights of the husband and wife to the custody of their infant children are equal. This fact, in at least a degree, the relator seems to have recognized, because since the separation he admits he has in no way contributed to the support of the daughter, Agnes G., whose possession he now seeks to obtain. She was then four years of age, and since that time the appellant has had the sole care, custody, and maintenance of her. If the daughter could be intrusted, when of such tender years and for such a length of time, to the care and custody of the mother, it would seem to follow, nothing appearing to indicate to the contrary, that she could thereafter be intrusted to complete her education. Whether this be so or not, I am of the opinion, upon the facts as now presented, the relator is not entitled to the custody of the child, and the appellant ought not to be required to produce her, for which reason the motion to dismiss the writ should have been granted.

The order appealed from, therefore, must be reversed, and the motion to dismiss the writ granted, with $50 costs and disbursements. All concur.

(109 App. Div. 546)

In re ROTHSCHILD.

In re WEISELL'S ESTATE.

(Supreme Court, Appellate Division, First Department. December 8, 1905.)

1. EXECUTORS AND ADMINISTRATORS—TEMPORARY ADMINISTRATORS—ACCOUNTING —PARTIES.

Code Civ. Proc. § 2678, provides that, where a temporary administrator is appointed by the surrogate of the county of New York, the moneys of the estate must be deposited in a domestic incorporated trust company specially approved by the surrogate or designated in the general rules of practice. Section 2680 provides that the money so deposited cannot be withdrawn, except by order of the surrogate: Section 2472, subsec. 6, confers jurisdiction upon the Surrogate's Court to administer

justice in all matters relating to the affairs of decedents. *Held*, that the Surrogate's Court has jurisdiction to bring in a trust company, named as depositary of the funds in the hands of a temporary administrator, as a party to a judicial accounting of such administrator.

2. DEPOSITARIES—DESIGNATION—ORDER—NECESSITY OF SERVICE.

A trust company, designated by the Surrogate's Court as depositary of funds in the hands of a temporary administrator, was bound by the order appointing it a depositary, although it was not served with a copy of the order, where the administrator, before depositing any funds with it, sent it a letter stating that he was required by the order of his appointment as temporary administrator to deposit funds with it, and inclosed in the letter the surrogate's certificate as to his qualifications.

Houghton, J., dissenting.

Appeal from order of Surrogate, New York County.

In the matter of the judicial accounting of David Rothschild, as temporary administrator of the goods, etc., of William Weisell, deceased. From an order making the Bankers' Trust Company a party to the accounting, said company appeals. Affirmed.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, CLARKE, and HOUGHTON, JJ.

J. Du Pratt White, for appellant.
Henry White, for respondent.

CLARKE, J. One David Rothschild was appointed by the Surrogate's Court the temporary administrator of the goods, chattels, and credits of William Weisell, deceased, and gave a bond as such in the penal sum of $400,000, which was executed by the Bankers' Surety Company as surety. On the 10th day of July, 1903, said Rothschild opened an account with the Bankers' Trust Company, delivering to said company this letter:

"As I am required by the order of my appointment as temporary administrator of William Weisell, deceased, to deposit funds coming into my hands as such temporary administrator in your company, I respectfully herewith inclose certificate of the Surrogate's Court as to my qualification, etc., together with my signature as temporary administrator. Kindly open account for me, and deliver the bank book to my attorney, Mr. John W. Wooten, the bearer of this communication."

It appears that the first deposit was made on July 11, 1903, of $1,445.-54, and at the time of said deposit the letter quoted supra was on file with said company. Subsequently said David Rothschild was convicted of a felony, sentenced to State's Prison, and is now incarcerated therein. He was on July 6, 1904, duly removed from the office of temporary administrator of said estate, and by an order dated October 24, 1904, he was directed to file an account of his proceedings as temporary administrator within 15 days. He did not account as required. Thereafter the Bankers' Surety Company, the surety on his bond, applied to the Surrogate's Court for an order discharging it from its bond, and filed an account of said temporary administrator to the best of its ability, and an order was made directing all persons interested in said estate to appear and attend a settlement of said account. There were a number of appearances, and certain objections were filed, and the questions raised by the objections were referred to a referee, and the matter is now pending before him. Upon said reference rep-

resentatives of the Bankers' Trust Company have been examined, who
have admitted the deposit of the funds of the estate with them, the
amounts paid out by them on the checks of the temporary administra-
tor, and that such amounts were paid out without any order of the
Surrogate's Court. The surety company thereupon served a notice
on the trust company to appear before said referee and "establish the
legality of said payments and defend the same." Said trust company
not having responded to said notice, the surety company made an ap-
plication for an order to bring in said trust company and make it a
party to the proceeding, "so that whether or not they have the moneys
belonging to the estate can be finally determined upon this accounting,
and, if it be determined that they have, that they can be directed to
pay over the moneys according to law," and thereupon it was ordered
that said motion "be, and it hereby is, in all respects granted, and that
the Bankers' Trust Company be, and hereby is, brought in and made
a party to the above entitled proceedings," which is the order appealed
from.

The power of the surrogate to make the order is challenged. Sec-
tion 2678 of the Code provides that, where the temporary administra-
tor was appointed by the surrogate of the county of New York, the
money must be deposited in a domestic incorporated trust company
having its principal office or place of business in the city of New York,
and either specially approved by the surrogate or designated by the gen-
eral rules of practice as a depositary of funds paid into court. Sec-
tion 2680 provides that money deposited by a temporary administrator
as prescribed in this article cannot be withdrawn except upon the order
of the surrogate, a certified copy of which must be presented to the
depositary. Section 2472 of the Code confers jurisdiction upon the
Surrogate's Court:

"(6) To administer justice in all matters relating to the affairs of decedents
according to the provisions of the statutes relating thereto."

From a consideration of section 2678 it will be seen that the moneys
were required by the court to be placed by the administrator in the pos-
session of the Bankers' Trust Company as its depositary. By section
2680 such moneys could only be drawn therefrom upon the court's
order. The company became pro hac vice an officer of the court.
Instead of leaving these funds in the hands of the administrator, con-
cededly an officer of the court accountable to it, or placing them in
the hands of its clerk, for greater security, to insure the preservation
of the decedent's estate, they were placed with the trust company
solely as the depositary of the court and subject to its order. It comes
as somewhat of a shock to have it seriously argued that the court,
because of whose order alone the fund has come into possession of
the company, and upon whose order alone the money can be legally paid
out, may not say to its trusted depositary, "What have you done with
the funds so intrusted to you?" The power of the court is unques-
tionable.

The appellant makes the point that it was not served with a copy
of the order appointing it a depositary. Before any moneys were
received it received the letter which stated:

"I am required by the order of my appointment as temporary administrator of William Weisell, deceased, to deposit funds coming into my hands as such temporary administrator in your company."

And the surrogate's certificate as to his qualification was inclosed. Here was distinct notification as to the way in which the moneys came into its possession. It was put upon its inquiry, and must be held to have been bound by the order, and to have known the law governing the subject.

The order appealed from should be affirmed, with costs.

O'BRIEN, P. J., and PATTERSON and INGRAHAM, JJ., concur. HOUGHTON, J., dissents.