>Where a controversy has arisen between the surety of a temporary administrator and a third person as to alleged improper dealings of the latter with the assets of the estate, fraudulently obtained by him from the temporary administrator, the surrogate has no jurisdiction, but the controversy must be settled in a court of general jurisdiction.

In the matter of the estate of William Weisell. Application by surety of temporary administrator to compel restoration of assets obtained from temporary administrator fraudulently by a third person. Application dismissed.

White & Blackford, for petitioner.
James, Schell & Elkins, for Isaac Frank.

THOMAS, S. Assuming all of the allegations of the petitioner to be true, I am entirely without jurisdiction to grant the relief prayed for. The respondent is a stranger to the estate, and all of his wrongful acts are alleged to consist of improper dealings with assets of the estate fraudulently or collusively obtained by him from the temporary administrator. The remedies permitted by statute to be had in this court for such injuries are against the administrator and incidentally against his surety. Controversies between the administrator or his surety and strangers based thereon must be settled in courts of general jurisdiction.

It is contended that the temporary administrator was an officer of the surrogate, that his possession was the possession of the surrogate, and that the surrogate has power to deal with the respondent for interfering with such possession in analogy to the power of a court of equity to grant relief when its receiver has been disturbed in the possession of property. Devlin v. Hinman, 40 App. Div. 104, 57 N. Y. Supp. 663. But a surrogate has no general equitable jurisdiction, and the broad powers of a court of equity cannot be claimed by him on the theory that

in some respects he administers the limited jurisdiction granted to him upon equitable principles, and by the use of formal methods of procedure similar to those used in the court of chancery.   And it is not accurate to say that a temporary administrator is an officer of the surrogate, in the broad sense that a receiver is an officer of a court of equity. A surrogate has no power to administer an estate by taking it into his own possession, and, though he may, suitable facts appearing, nominate and appoint a temporary administrator pending a contest between the parties in interest, such temporary administrator exercises, when appointed, powers conferred and regulated by the statute, and the control over him by the surrogate is such only as the statute prescribes.   The power held to have been properly claimed and exercised by the surrogate in the recent decision over a trust company acting as a depositary of the temporay administrator in this estate did not rest upon any theory of the power of the surrogate to control the temporary administrator as his officer, but upon an express statute which required said trust company to disburse all moneys deposited with it by the temporary administrator only upon the orders of the surrogate.   Matter of Rothschild, 109 App. Div. 548, 96 N. Y. Supp. 372.

No part of the controversy now sought to be litigated in this court has anything whatever to do with the due administration of the estate of the decedent, for all of the loss resulting from the alleged unlawful acts of the respondent has been made good by the petitioner, acting in just and honorable recognition of its obligations as the surety of the unfaithful temporary administrator.   The issue as to whether the respondent is or is not responsible to the petitioner for the loss which the petitioner has already paid is between two living persons, and is based upon their own contracts and upon their own individual acts, made or performed after the death of the decedent, whose estate is to be distributed under the decree of this court.   Neither of the parties to this issue makes any claim to any part of that estate, and they cannot, upon any just theory, be permitted to embarrass or delay the parties to the accounting proceeding by bringing into that proceeding a controversy personal to themselves and having no bearing upon the purposes for which that proceeding was commenced.   The application will be dismissed, but without prejudice to the rights and remedies of the parties in a court of competent jurisdiction.

Application dismissed.