In the Matter of the Judicial Settlement of the Account of
CHARLES A. RUNK and DANIEL J. MOONEY, as Temporary
Administrators, etc., of JESSIE GILLENDER, Deceased.

THE MISSIONARY SOCIETY OF SAINT PAUL THE APOSTLE IN
THE STATE OF NEW YORK, Appellant; CHARLES A. RUNK
and DANIEL J. MOONEY, as Temporary Administrators,
etc., Respondents.

First Department, February 1, 1918.

**Executors and administrators — right of temporary administrator
who is also an attorney at law to compensation for legal services
— such administrator not entitled to commissions calculated
upon fee value of real estate — Code Civil Procedure, section 2753,
as amended, construed.**

Under section 2753 of the Code of Civil Procedure, as amended by chapter
596 of the Laws of 1916, providing that on the settlement of the account
of any executor or administrator if he be an attorney and counselor at law
and shall have rendered legal services in connection with his official
duties, the surrogate must allow him such compensation for his legal
services as shall appear to be just and reasonable, a temporary administrator
who is an attorney and counselor at law is entitled to an allowance
for his legal services rendered to the estate.

A temporary administrator is not entitled to commissions upon the fee
value of real estate placed in his possession for the purpose of receiving
rents and profits. He cannot be said to have " received " said property
within the meaning of section 2753 of the Code of Civil Procedure, as
amended by chapter 596 of the Laws of 1916, which provides that " The
value of any real or personal property, and the increment thereof, received,
distributed or delivered, shall be considered as money in making com-
putation of commissions."

APPEAL by the Missionary Society of Saint Paul the Apostle
in the State of New York from part of a decree of the Surro-
gate's Court of the county of New York, entered in said
Surrogate's Court on the 9th day of August, 1917.

*Edward J. McGuire,* for the appellant.

*Charles A. Runk,* for the respondent in person.

*Charles H. Tuttle,* of counsel, for the respondent Daniel
J. Mooney.

SCOTT, J.:

This is an appeal from a decree of the Surrogate's Court in the county of New York settling the accounts of the temporary administrators of the estate of Jessie Gillender, deceased.

Miss Gillender, the decedent, died on February 25, 1916, leaving a last will and testament by which she disposed of a considerable estate consisting partly of realty and partly of personal property. A contest arose over the probate of her will pending which the accountants were appointed temporary administrators of her personal property. They were also directed to take possession of her real estate and to receive its rents and profits, being authorized to make leases for terms not exceeding one year. They entered upon the performance of their duties and duly fulfilled them until May 23, 1917, when the will was admitted to probate and letters testamentary issued to the executors named therein.

The temporary administrators have presented their accounts to the surrogate and they have been settled and approved.

The appellant, the residuary legatee named in the will, makes but two objections to the decree, as follows: *First*, it objects to the allowance to one of the temporary administrators of a sum for counsel fees for services rendered to the temporary administrators; and *second*, it objects to the allowance to the other temporary administrator of commissions calculated upon the fee value of the real estate which forms a part of the estate.

As to the first objection:

One of the temporary administrators was Charles A. Runk, Esq., a capable and experienced member of our bar, who had been for a long time the friend and legal adviser of the decedent, and who was named as one of the executors of her will. It was arranged between the two temporary administrators that Mr. Runk should attend to such legal matters as might arise, and no question is made as to the extent or the value of his services.

Although temporary or special administrators, formerly termed collectors, have been provided for by statute ever since the year 1837 (See Laws of 1837, chap. 460, §§ 23, 24), no statute has ever specifically fixed their compensation, but it

has long been the rule to compensate them at the same rate as is allowed by law to executors and administrators. (*Green* v. *Sanders*, 18 Hun, 308; *Matter of Duncan*, 3 Redf. 153; *Matter of Hurst*, 111 App. Div. 460; *Matter of King*, 122 id. 354.) And in a proper case it has also been the established rule to allow temporary administrators to pay reasonable counsel fees for services rendered in the course of the administration of the estate by them. (*Matter of Stokes*, 1 Dem. 260; *Matter of King, supra.*) Thus the compensation and allowance to be made to temporary administrators have been conformed by analogy to those made to executors and administrators. Prior to 1916 an executor or administrator could not receive any compensation, beyond his commissions, for legal services rendered to the estate. By chapter 596 of the Laws of 1916, section 2753 of the Code of Civil Procedure was amended in this regard so as to provide that " on the settlement of the account of any executor, administrator, guardian or testamentary trustee, the surrogate must allow to him his just, reasonable and necessary expenses actually paid by him, and if he be an attorney and counselor-at-law of this State, and shall have rendered legal services in connection with his official duties, such compensation for such legal services as shall appear to the surrogate to be just and reasonable." This amendment does not in terms apply to temporary administrators, but since the fees and allowances to such administrators have in the past always been conformed to those allowed to executors and administrators, the same analogy should continue to be observed, and since Mr. Runk, if he had been acting as executor from June 24, 1916, to May 23, 1917, would have been entitled to an allowance for legal services rendered to the estate, he should receive a like allowance for legal services performed while he was temporary administrator. The amendment has raised the ban which before its enactment limited executors, administrators, etc., to their legal commissions, no matter how competent they may have been as lawyers, and how valuable may have been their legal services rendered to the estate. The passage of the amendment marks a change in the policy of the State in this regard, and in respect of fees for legal services there is now no reason why temporary administrators should not

stand upon the same footing as executors and administrators as they long have in other respects so far as concerns their commissions and the compensation of their counsel. So far as the first objection is concerned the appeal must fail.

As to the second objection:

Mr. David J. Mooney, one of the temporary administrators, claims and has been awarded commissions upon the fee value of the real estate comprised in the estate, in addition to his commissions upon the personalty and the cash which has passed through his hands. The basis for this claim, for which no precedent is cited to us, is found in that portion of section 2753 of the Code of Civil Procedure, as amended by Laws of 1916, chapter 596, which reads as follows: " The value of any real or personal property, and the increment thereof, received, distributed or delivered, shall be considered as money in making computation of commissions. But this shall not apply in case of a specific legacy or devise."

This clause relates only to property, whether real or personal, " received, distributed or delivered," and unless the temporary administrators may be said, in legal contemplation, to have " received " the real estate it is clear that they are not entitled to commissions upon its value. Ordinarily, executors and administrators, as such, have nothing to do with the real estate, and can neither " receive " nor " deliver " it, and temporary administrators stand in the same position. They are mere collectors or conservators of the personal estate, to hold and protect it until permanent executors or administrators are appointed. It is true that by section 2600 of the Code of Civil Procedure the surrogate may, as he did in this case, authorize a temporary administrator to take possession of the real property belonging to the estate and to receive the rents and profits thereof. It is quite clear that such an authorization does not confer upon a temporary administrator any title to the real property or any other right than to take such possession as may be necessary to collect the revenue therefrom. In no legal sense can he be said to " receive " the real property as that word is used in the section above referred to. His relation to the real property is exactly analogous to the frequent case of a receiver of the rents of mortgaged premises during the pendency of a foreclosure

suit. Such a receiver has authority to take possession of the realty for the purpose of collecting the rents, and may make such expenditures thereon for the preservation of the property as the court appointing him may authorize, but no court would listen for a moment to a claim by such a receiver that he should be paid commissions upon the fee value of the property which is the subject of the foreclosure suit. The claim of the temporary administrator has no better basis for its support. In so far as concerns the allowance to Mr. Mooney of commissions amounting to $3,925 upon the fee value of the real estate the decree is erroneous and must be modified.

The decree will, therefore, be modified by reducing the commission allowed to the accountant Daniel J. Mooney to $4,313.80, and as so modified affirmed, with costs to appellant and to Charles A. Runk, respondent, payable out of the estate.

CLARKE, P. J., LAUGHLIN, PAGE and SHEARN, JJ., concurred.

Decree modified as stated in opinion and as modified affirmed, with costs to appellant and to respondent Runk payable out of the estate. Order to be settled on notice.