MAIMIE F. COHN and Others, as Executors and Trustees under the Last Will and Testament of ABRAHAM COHN, Deceased, Appellants, *v*. ELIZA BARTLETT and Others, Defendants, Impleaded with MARGARET CHAFFEE WESTCOTT, Individually and as Temporary Administratrix, etc., of GEORGE R. CANNON, Deceased, Respondent.

First Department, March 8, 1918.

Mortgage — foreclosure — appointment of receiver — effect of prior appointment of temporary administratrix authorized to take possession and collect rents from mortgaged premises — guaranty of payment by title company not a ground for denying appointment of receiver.

The appointment of a receiver in an action for the foreclosure of a mortgage is not in conflict with the prior appointment of a temporary administratrix by the Surrogate's Court, which court authorized her to take

possession of the mortgaged premises and to collect the rents therefrom as provided by section 2600 of the Code of Civil Procedure, especially where the mortgage expressly gives the mortgagee the right to the appointment of a receiver without regard to the adequacy of the security for the debt.

Nor does the appointment of a receiver by the Supreme Court involve any conflict with the jurisdiction of the surrogate.

In view of the evidence concerning the present state and tendency of the real estate market and the difficulties that would be presented in case of a deficiency after the rents had come into the hands of the administratrix, the mortgagee should be given the protection of a receivership.

The fact that the payment of the mortgage is guaranteed by a title company, as to whose solvency there is no question, is not a sufficient reason for denying the appointment of a receiver.

APPEAL by the plaintiffs, Maimie F. Cohn and others, as executors and trustees, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 9th day of January, 1918, vacating an order appointing a receiver, terminating the receivership, and directing the receiver to account.

*Henry M. Bellinger, Jr.*, of counsel [*James McBrien* with him on the brief], for the appellants.

*Harry H. Thurlow* of counsel [*David T. Davis* with him on the brief; *Davis, Symmes & Schreiber*, attorneys], for the respondent.

SHEARN, J.:

This is an action for the foreclosure of a mortgage on which there is now due $41,000 and interest, upon premises Nos. 510–512 West One Hundred and Forty-seventh street, borough of Manhattan.

In August, 1917, George R. Cannon died seized of the premises, subject to the mortgage, leaving a will by which he devised all his property, including the above apartment house, to his sister, Fannie M. Bundy, whom he appointed his sole executrix. Fannie M. Bundy predeceased the said George R. Cannon and left no descendants, by reason of which the bequest and devise lapsed, and the real property descended to about forty-six cousins of the testator George R. Cannon, widely scattered and not all of whom are at present known.

On October 23, 1917, Margaret Chaffee Westcott, one of the heirs, who resides in Binghamton, N. Y., was appointed by the Surrogate's Court of New York county temporary administratrix of the goods, chattels and credits of the decedent, and by that court was authorized to take possession of the mortgaged premises and to collect the rents therefrom, as provided by section 2600 of the Code of Civil Procedure.

This foreclosure action was thereafter commenced and the complaint and *lis pendens* were filed on November 30, 1917.

The default alleged is in the payment of a quarterly payment of interest due September 1, 1917, amounting to $563.75.

The mortgage contained the following clause:

" *Fourth.* The holder of this mortgage, in any action to foreclose it, shall be entitled, without notice and without regard to the adequacy of any security for the debt, to the appointment of a receiver of the rents and profits of said premises; and said rents and profits are hereby, in the event of any default or defaults in paying said principal or interest, assigned to the holder of this mortgage as further security for the payment of said indebtedness."

A receiver was appointed on the *ex parte* application of plaintiffs, who at once went into possession and proceeded to collect the December rents. The temporary administratrix shortly thereafter moved to vacate said receivership, and the motion was granted upon the ground that, in view of the prior appointment of the administratrix, " there ought not to be an appointment by this court of an officer whose rights and duties conflict with hers." But there really is no conflict. Temporary administrators " are mere collectors or conservators of the personal estate, to hold and protect it until permanent executors or administrators are appointed. It is true that by section 2600 of the Code of Civil Procedure the surrogate may, as he did in this case, authorize a temporary administrator to take possession of the real property belonging to the estate and to receive the rents and profits thereof. It is quite clear that such an authorization does not confer upon a temporary administrator any title to the real property or any other right than to take such possession as may be necessary to collect the revenue therefrom." (*Matter of*

*Runk,* 181 App. Div. 461.) The mere authority granted by a court of limited jurisdiction to enter upon the premises for the purpose of collecting rents is not inconsistent with the right of the Supreme Court to secure to a mortgagee the protection expressly given by the terms of the mortgage and place a receiver in possession. When a temporary administrator attempts to take possession of real property, his possession of the real estate is not the possession of the Surrogate's Court. A temporary administrator is not an officer of the Surrogate's Court in the broad sense that a receiver is an officer of a court of equity. (*Matter of Weisell,* 51 Misc. Rep. 325.) The appointment of a receiver by the Supreme Court in an action to foreclose a mortgage in no sense involves any conflict with the jurisdiction of the surrogate. The only question here, therefore, is whether the mortgaged property affords adequate security. On this head conflicting expert opinion is presented, but in view of the evidence concerning the present state and tendency of the real estate market and the difficulties that would be presented, in case of a deficiency, after the rents had come into the hands of the administratrix, the mortgagee should be given the protection of a receivership. The fact that the payment of the mortgage is guaranteed by a title company, as to whose solvency there is no question, is no sufficient reason for denying the motion for a receiver. The guarantor is equally entitled to protection and the plaintiffs are properly safeguarding the interests of the guarantor as well as their own interests in their application for a receiver.

The order appealed from should be reversed, with ten dollars costs and disbursements, the receiver reinstated in possession and all moneys collected by the temporary administratrix since December 1, 1917, should be turned over to the receiver.

Clarke, P. J., Scott, Smith and Davis, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and receiver reinstated as stated in opinion. Order to be settled on notice.