694    MATTER OF CUTTER.

Surrogate's Court, New York County, October, 1918.    [Vol. 104.

Matter of the Estate of AMELIA G. CUTTER, Deceased.

(Surrogate's Court, New York County, October, 1918.)

Surrogates — power of, to authorize leasing of real property by temporary administrators — Code Civ. Pro. § 2600, as amended in 1918.

> The power of a surrogate to authorize the leasing of real property by temporary administrators to pay administration expenses and claims against the estate is not changed by the amendment of 1918 to section 2600 of the Code of Civil Procedure.

APPLICATION by temporary administrators to pay administration expenses and claims against the estate.

Miller, King, Lane & Trafford, for petitioners.

FOWLER, S. This is an application by the temporary administrators to pay administration expenses and claims against the estate. The only question arising has to do with the power of the surrogate to authorize the administrators to lease the real property held by them for one year. This question arises because of the amendment to section 2600 of the Code of Civil Procedure (Laws of 1918, chap. 315), which in the opinion of the petitioners seems to restrict the power of the surrogate to grant the relief sought.

The important part of the amendment to that section is the addition of the last sentence of the section, which now reads: " The surrogate may, by an order, confer upon him authority to mortgage, lease or sell any or all of the real property, for the purposes specified in article third of this chapter, under such circumstances and restrictions, in such manner and upon such terms and conditions as are specified in said article."

The wording of the amended section is faulty in

that there is an article three in each of the five titles under chapter 18 of the Code. It was intended, in my opinion, to refer to article three of title four of chapter 18, which has to do with the application of the rents and the proceeds of mortgage, lease or the sale of real estate to the payment of debts, funeral and administration· expenses and charges upon real estate. The purpose of the amendment, such as it is, seems to have been primarily for the purpose of conferring on the surrogate the power to authorize, under certain conditions, the sale, leasing or mortgaging of real estate held by temporary administrators for the purposes set forth in article three, title four, of chapter 18 of the Code. Former section 2600 of the Code of Civil Procedure expressly prohibited the power of the surrogate to authorize a sale of real property held by temporary administrators. But whatever the purpose and effect of the amendment, the language of section 2600 of the Code of Civil Procedure, which precedes the part of the section quoted above, while more general in its language, does not, in my opinion, limit or alter the powers heretofore vested in the surrogate to authorize the leasing of the property as asked for in this application. The section reads: "When a temporary administrator is appointed * * * the surrogate may, by the order appointing him, or by a · subsequent order, confer upon him authority to take possession of real property * * * and to receive the rents and profits thereof *or to do any other act with respect thereto,* which is, in the surrogate's opinion, necessary for the execution of the will, or the preservation or benefit of the real property."

The section as amended attempts to broaden the powers of the surrogate respecting real estate held by temporary administrators, and does not curtail any of the powers formerly his under the older prac-

696    MATTER OF TOLMAN.

Surrogate's Court, New York County, October, 1918.    [Vol. 104.

tice.   To hold otherwise might result in great loss to estates in the hands of temporary administrators which consisted solely of large realty holdings.

The application, therefore, is granted.

Application granted.