Matter   of   the   Estate   of   IWAN   OSTROMISLENSKY,
Deceased.

(Surrogate's Court, New York County, January, 1920.)

Executors and administrators — when application for letters of temporary administration upon estate of absentee denied — Code Civ. Pro. § 2596 (2).

An application under section 2596(2) of the Code of Civil Procedure for letters of temporary administration upon the

Surrogate's Court, New York County, January, 1920.   [Vol. 110.

estate of an absentee, a citizen of Russia who has been missing since July, 1917, will be denied where such administrator, if appointed, would really be the attorney in fact of the absentee to perfect the title of the purchaser of a patent from the absentee.

APPLICATION for letters of temporary administration.

Kennedy M. Thompson, for petitioner.

FOLEY, S. This is an application for letters of temporary administration upon the estate of Iwan Ostromislensky, a citizen of Moscow, Russia, under section 2596, subdivision 2 of the Code of Civil Procedure. The petition recites that the absentee has been missing since July 2, 1917.

I am not convinced that the absentee has disappeared or is missing, as prescribed by that Code section, " under circumstances which offer reasonable ground to believe that he is dead, or that he has become a lunatic, or that he has been secreted, confined, or otherwise unlawfully made away with."

The reported conditions in Russia would seem to make probable that any one of these facts had befallen Ostromislensky. All these results seem to be comprehended in the prevailing understanding of Bolshevism. The general instability of the country, however, cannot be used as basis for this proceeding. There are no proofs alleged upon knowledge in the petition as to the circumstances of disappearance. It is not shown that Ostromislensky was in military service, or in extreme peril or danger to his life. Courts have acted in special cases, such as probable shipwreck, soldiers reported " missing in action," and similar disappearances. See *Matter of Eagle* v. *Emmet*, 4 Bradf. 117; *Matter of Miller*, 67 Misc. Rep.

660; *Dunn* v. *Travis,* 56 App. Div. 317; *Matter of Norton,* N. Y. L. J., June 12, 1891; *Merritt* v. *Thompson,* 1 Hilt. 550.

The mere failure to receive acknowledgments of letters and cablegrams sent to Ostromislensky in Russia does not warrant granting the relief sought here, in view of the recognized difficulty of communication with that country.

It must also be shown that the appointment of a temporary administrator for the absentee " is necessary for the protection of his property." This is lacking in the petition. It states that the New York Belting and Packing Company purchased from Ostromislensky certain patent rights. It appears that a new application and a new assignment are required because the United States patent office has decided that part of the subject matter of the patent should be covered by a separate application which must be signed by Ostromislensky. The petitioner claims the entire patent as assignee and asks for the appointment of a temporary administrator for the sole purpose of executing said application and assignment. The empty form of assignment is not " personal property " within this county and affords no jurisdiction to this court. Code Civ. Pro. § 2515, subd. 3. In effect the petitioner desires the appointment of a temporary administrator who will really be the attorney in fact of the absentee to perfect the title of the purchaser of the patent. A temporary administrator has no authority to distribute an estate, but only to preserve it. *Matter of Goetz,* 120 App. Div. 10. He is a conservator or receiver for this court. Although additional powers were conferred upon him to make certain forms of distribution by the revision of 1914, his general character has not changed. If a temporary administrator were appointed this court would have

Surrogate's Court, Westchester County, January, 1920. [Vol. 110.

no power to authorize him " to execute any and all papers, documents and assignments." The petitioner, therefore, must seek his relief elsewhere.

The application is denied.

Application denied.