Matter of the Judicial Settlement of the Account of ANNA C. MAIER, JULIUS WINTER and FORREST C. HIRLEMAN, as Temporary Administrators of the Goods, Chattels and Credits of JOHN H. LUDWIG, Deceased.

(Surrogate's Court, Bronx County, July, 1920.)

Executors and administrators — what commissions temporary administrators are entitled to receive — accounting — trusts — negotiable instruments.

Temporary administrators are entitled to commissions for receiving, caring for and turning over assets of their decedent's estate.

A number of promissory notes payable to decedent and deposited with a trust company under a trust agreement that they should be payable at its office as they became due, are not a part of the estate "received and passed over" to the temporary administrators, and as not only did they not receive the notes but had no right to receive them, because of the trust agreement, they are not entitled to commissions on the value of said notes.

Certain other promissory notes payable to decedent being in the possession of the temporary administrators, they are entitled to commissions thereon.

The temporary administrators cannot be allowed commissions on real estate even though they were given possession thereof, to collect the rents and preserve the property.

M sc.]   Surrogate's Court, Bronx County, July, 1920.

PROCEEDING upon the judicial settlement of the account of temporary administrators.

Edward Vaughan, Jr., for Julius Winter and Forrest C. Hirleman, temporary administrators.

Adolph E. Gutgsell, for Anna C. Maier, temporary administrator.

GIBBS, acting S.   Upon the accounting by the temporary administrators four questions arise: (1) Are the temporary administrators entitled as such, to commissions upon the amount of fourteen promissory notes which are deposited with the Columbus Trust Company of Newburgh, N. Y., and which have never been in the possession of the temporary administrators; (2) Are they entitled to commissions upon certain notes unpaid, which are in their possession; (3) Are they entitled to commissions upon real estate of which they have possession; and (4) What is the reasonable compensation that should be allowed the attorneys for the temporary administrators?

The decedent, John H. Ludwig, died March, 1917. Anna C. Maier, Julius Winter and Forrest C. Hirleman were duly appointed temporary administrators on June 6, 1917.   On or about March 11, 1919, said Julius Winter and Forrest C. Hirleman were duly appointed executors of the estate to succeed themselves and the third temporary administrator.   The temporary administrators have in their possession $42,226.73 cash collected by them and fifteen notes uncollected, aggregating $14,679.   The other fourteen notes in question, aggregating $161,437.50, were made by Frank Anrys payable to decedent together with fourteen other notes made by the same party which have already been paid.

Surrogate's Court, Bronx County, July, 1920. [Vol. 112.

As to the first question, these fourteen notes were dated August 1, 1911, and payable at the office of the Columbus Trust Company of Newburgh, N. Y., and were deposited with said Trust Company under the authority of a certain trust agreement dated August 1, 1911, made between Frank Anrys, Ludwig & Co. and decedent by which it was provided that the notes shall be deposited with said trust company and shall be payable at its office to the decedent as they become due. None of these fourteen notes have been in the possession of the temporary administrators and they are not entitled to possession of any of them by reason of said agreement.

There is no statute providing for compensation to temporary administrators. They are, however, within the equity of the statute relating to executors and administrators and entitled to the same fees and commissions. *Green* v. *Sanders,* 18 Hun, 308.

The general rule regarding commissions to executors and administrators is that they are entitled to commissions on all sums "received and paid out" by them. But the commissions of a temporary administrator are not based upon the money actually received and disbursed but upon the value of the whole estate received and passed over to him. *Green* v. *Sanders, supra; Matter of Egan,* 7 Misc. Rep. 262; *Matter of Hurst,* 111 App. Div. 460; *Matter of King,* 122 id. 354.

Temporary administrators are entitled to commissions for receiving, caring for and turning over assets of the decedent's estate, not for administering them. They are mere collectors or conservators of the personal estate, to hold and protect it until permanent executors are appointed. *Cohn* v. *Bartlett,* 182 App. Div. 247.

So that the matter comes down to this proposition: Are the notes in the possession of the Columbus Trust

Company of Newburgh, N. Y., part of the estate " received and passed over " to the temporary administrators, within the meaning of the decisions upon which temporary administrator's commissions are based? I believe that they are not. These notes have never been in the possession of the temporary administrators, neither have they any right to their possession because of the agreement by which they are held by the Columbus Trust Company. Value of property, whether real or personal which has not been received in legal contemplation, cannot be a basis for commissions of temporary administrators. *Matter of Runk,* 181 App. Div. 461.

Counsel for one of the temporary administrators calls the attention of the court to *Matter of King, supra,* where it was decided that the temporary administrators were entitled to commissions upon the value of certain shares of stock which were not taken into their possession and upon a book account due to the decedent. But this is entirely a different proposition, for although the property had not been received by the temporary administrators, they nevertheless were entitled to their possession and, to a certain extent, liable for the preservation of those assets of the estate. They had a definite value and could be collected by the temporary administrators.

But in the case at bar the temporary administrators not only did not receive the notes but they had no right to receive them by virtue of the trust agreement. They are, therefore, not entitled to commission on the value of these fourteen notes.

As to the other fifteen notes in the possession of the temporary administrators, commissions should be allowed. As stated before, a temporary administrator is entitled to commissions upon the value of the estate received and passed over to him. These notes

Surrogate's Court, Bronx County, July, 1920. [Vol. 112.

are in their possession; they are liable for them to the extent of their preservation; they must collect them when the sums payable are due and they must account for them. *Matter of King, supra.*

They should not however be allowed commissions on the real estate even though they were given possession of it, as possession does not carry with it any title other than to collect the rents and preserve the property. *Matter of Runk,* 181 App. Div. 461.

Section 2753 of the Code of Civil Procedure prescribed that only where the gross value of the estate amounts to $100,000 or more are the temporary administrators each entitled to full commissions. In the case at bar the gross value of the estate upon which the temporary administrators are entitled to commissions is $56,905.73. The full commission is $759.06. Each administrator should receive $253.02.

On the question as to what is reasonable compensation for the attorneys for the temporary administrators the court will take into consideration the amount of time spent by the attorneys, the work done and the result accomplished. Voluminous affidavits have been submitted outlining the services rendered. The attorneys ask that $7,500 be allowed them for the services rendered. I believe this sum to be fair, in view of the fact that they have acted as attorneys for the temporary administrators for nearly three years.

Decreed accordingly.