FRANK BRANDENSTEIN, as Administrator, etc., of FRANCES BRANDENSTEIN, Deceased, Plaintiff, *v.* STANISLAUS KAWECKI, Defendant.

Second Department, July 9, 1925.

Abatement and revival — action was brought under Real Property Law, §§ 500 and 501, to determine claim to real property — plaintiff died during pendency of action — administrator had no power to revive action and to continue it to determine title to premises — title is not marketable.

In an action by an administrator to compel a purchaser to specifically perform the contract of purchase of real property, which contract was entered into between the purchaser and the plaintiff's intestate, it must be held that the title is not marketable, since it appears that at the time the contract was to be performed the plaintiff's intestate did not hold a record title to a part of the premises but that under an agreement between her and the purchaser she instituted an action under sections 500 and 501 of the Real Property Law to determine the title to that part of the property sold, but during the pendency of the action she died and the present plaintiff, as administrator, was substituted in her place as plaintiff in that action and prosecuted it to judgment.

The administrator of the original plaintiff in the action to determine the title to real property did not have the right, under section 84 of the Civil Practice Act and sections 500 and 501 of the Real Property Law, to revive the action and continue it to determine title to the premises, for he had no estate in the real property in question, nor was he entitled to the possession thereof, and,

therefore, he could not comply with the provisions of section 501 of the Real Property Law which requires the plaintiff to set forth facts showing his right to the real property and to state the nature of the estate therein and whether he owns it as heir, devisee or purchaser.

SUBMISSION of a controversy upon an agreed statement of facts, pursuant to section 546 of the Civil Practice Act.

*Walter E. Warner,* for the plaintiff.

*George A. Nagle,* for the defendant.

JAYCOX, J.:

Frances Brandenstein entered into a contract to convey to the defendant certain premises. The vendor did not have record title to all of the premises, and the defendant claimed that the title was unmarketable by reason of the outstanding record title in the heirs of one Scott R. Sherwood. It was agreed between the parties to said contract that Frances Brandenstein should bring an action to determine the claim to said premises, for the purpose of barring any possible claim of said heirs of Scott R. Sherwood. This action was brought and jurisdiction obtained of eight out of the nine heirs of said Scott R. Sherwood, when the plaintiff in that action died. Thereafter the husband of said Frances Brandenstein was duly appointed the administrator of the goods, chattels and credits which were of said Frances Brandenstein, deceased, and on the 15th day of October, 1923, the said Frank Brandenstein, as administrator of the goods, chattels and credits which were of Frances Brandenstein, deceased, was by order of the Supreme Court substituted as plaintiff in the place and stead of Frances Brandenstein, deceased.

The action then proceeded to judgment. The heirs of Frances Brandenstein were infants at the time that said administrator was substituted as plaintiff in said action. Subsequent to the substitution service by publication was made upon the remaining defendant. None of the defendants answered or demurred in said action. By the judgment which was entered it was adjudged that Frances Brandenstein at and before the commencement of the action was the owner in fee of the premises described in the contract of sale. The judgment also barred the defendants, and any person claiming by or through them, from all claim to any interest or easement in or lien or incumbrance upon the property of any kind or nature whatever.

Thereafter the defendant declined to accept the title tendered by the plaintiff, upon the ground that the action originally brought by Frances Brandenstein, as plaintiff, was, upon her death, improperly revived in the name of her administrator, Frank Brandenstein.

The reasons for rejecting the title are set forth more fully in the agreed statement of facts, but this is the controlling feature. The question submitted to this court is, Did the administrator of the estate of Frances Brandenstein have the authority and right to prosecute and continue the action started by said Frances Brandenstein to determine the title to said premises?

Section 84 of the Civil Practice Act (formerly Code Civ. Proc. § 757) provides in part as follows: " In case of the death of a sole plaintiff or a sole defendant, if the cause of action survives or continues, the court, upon a motion, must allow or compel the action to be continued by or against his representative or successor in interest."

For the purpose of determining who is the representative or successor in interest in this action it is necessary to ascertain by whom such an action could be maintained. Section 500 of the Real Property Law (as added by Laws of 1920, chap. 930; formerly Code Civ. Proc. § 1638) provides, in part, as follows: " Where a person has been, or he and those whose estates he has, have been for one year in possession of real property, or of any undivided interest therein, claiming it in fee, * * *, he may maintain an action against any other person to compel the determination of any claim adverse to that of the plaintiff which the defendant makes."

Section 501 of the Real Property Law (as added by Laws of 1920, chap. 930; formerly Code Civ. Proc. § 1639),* requires the plaintiff to set forth facts showing the plaintiff's right to the real property, whether his estate therein is in fee or for life or for a term of years not less than ten, and whether he holds it as heir, devisee or purchaser, with the source from or means by which his title immediately accrued to him.

It is clear from these provisions of the Real Property Law that the substituted plaintiff could not have instituted such an action. The substituted plaintiff has no estate in the real property, nor is he entitled to the possession thereof. He would not be able to allege any right to the real property or to claim that he had an estate therein in fee, for life or for a term of years not less than ten. I do not find any case involving the right of an administrator to maintain such an action. However, in the case of *Stevens* v. *Fogle* (73 Misc. 417), which was an action brought to determine a claim to real property under section 1638 of the Code of Civil Procedure, now section 500 of the Real Property Law, it was held that the executors under a will, empowered to sell the real estate, are not proper parties plaintiff to such an action for the reason that the fee to the property, the necessary prerequisite to the plaintiff for the purpose of maintaining the action, was in someone else.

* Since amd. by Laws of 1925, chap. 565.— [REP.

In *Higgins* v. *Mayor, etc., of New York* (136 N. Y. 214) the plaintiff brought an action to compel the determination of a claim to certain real property. The trial resulted in a verdict of the jury for the defendants. On plaintiff's motion the judgment entered for the defendants was vacated pursuant to certain provisions of the Code of Civil Procedure and a new trial was ordered. Thereafter, and before the action was brought to trial, the plaintiff died and the defendants applied for and obtained an order substituting the devisee of the deceased plaintiff as the plaintiff's successor in interest as the plaintiff in the action, and directing him to prosecute the same. It was held that the devisee was such a successor to plaintiff's interest as was intended to be provided for in the Code of Civil Procedure (§ 757) and the order substituting him was affirmed, and it was held that the defendants had the right to demand the continuation of the action by the person who had succeeded to and represents the plaintiff's interest.

*Coit* v. *Campbell* (82 N. Y. 509, 516) is an action in which a similar decision was made. The title of lands was in a defendant named Palmer. A motion by the plaintiff was denied which sought to have the executors of Palmer, deceased, substituted as parties to the action in his stead, the court saying: " there is nothing to show that Palmer's executors are his successors in interest in this litigation. It does not appear that he devised the land in question to his executors, or that they have any interest in it."

These cases seem to be decisive of the question involved in this action.

This court holds that the administrator of the estate of Frances Brandenstein had no authority and right to revive and continue the action started by Frances Brandenstein, deceased, to determine the title to the premises involved in this controversy. In accordance with the terms of the submission, judgment is awarded in favor of the defendant and against the plaintiff for the sum of $750, with interest thereon from the 12th day of September, 1922, with $50 paid for survey and $107 expenses incurred for the examination of title, with costs.

Present — KELLY, P. J., RICH, JAYCOX, KELBY and KAPPER, JJ.

In accordance with the terms of the submission, judgment is unanimously awarded in favor of the defendant and against the plaintiff for the sum of $750, with interest thereon from the 12th day of September, 1922, with $50 paid for survey and $107 expenses incurred for the examination of title, with costs.