In the Matter of the Estate of JOSEPH GERALD DE POLO, Deceased.

Surrogate's Court, New York County, March 1, 1933.

*Horstmann & Kozinn* [*Joseph J. Kozinn* of counsel], for the trustee.

*Robert P. Smith* [*Robert P. Smith* and *Joseph A. Mitchell* of counsel], for Margaret J. De Polo.

*Hill, Lockwood & Redfield*, for Harold De Polo.

*John J. McNaboe*, special guardian for Elvira De Polo, Tabor De Polo and T. Ford, infants.

DELEHANTY, S. Objection is made to the account of the trustee on the score that the trustee has included as principal of the trust the entire amount received by the trustee under the decree settling the account of the temporary administrator. The objectant urges that there was included in the balance turned over to the trustee by the temporary administrator certain income to which she is entitled. The trustee asserts that it and the life beneficiary are bound by the terms of the decree settling the account of the temporary administrator and that the trustee is bound to account for the entire funds so received as principal of the trust.

The decree settling the account of the temporary administrator (after authorizing certain payments) provided: "And it is further ordered, adjudged and decreed that he then turn over the balance of the funds and property of the Estate remaining in his hands to American Trust Company, as Substituted Trustee to be held and administered by said American Trust Company, upon the terms and conditions set forth in the Will of the deceased."

The question here involved is whether the life beneficiary is precluded by this decree from now asserting her right to receive income, if any there were, earned during the incumbency of the temporary administrator and included in the balance paid over under the decree settling his account.

A temporary administrator is a mere custodial agent for the collection and preservation of property. He is in effect a receiver *pendente lite*. (*Hastings* v. *Tousey*, 123 App. Div. 480; *Matter of Ostromislensky*, 110 Misc. 189.) A decree in the form above recited does not preclude the life beneficiary from asserting on the accounting of the trustee her claim for income from the date of the death of the deceased. (*Matter of Doheny*, 70 App. Div. 370; affd., 171 N. Y. 691.)

Income at the rate earned by the estate is payable to the life beneficiary from the date of decedent's death. If agreement cannot be reached by counsel respecting the form of decree to be made under the above ruling and upon the distribution required so as to allocate to income and principal account the fund received from the temporary administrator, a further hearing will be fixed. Submit decree on notice or consent.