In the Matter of the Application of Louis G. Hart, Jr., to Fix and Determine Attorney's Fees in the Estate of George Kirschbaum, Deceased, Pursuant to Section 231-a of the Surrogate's Court Act. Philippe Kirschbaum, Caroline Enderle, Louis Culli, Caroline Culli and Julie Winselmann, Appellants; Harry L. Hedger, County Treasurer of Nassau County, as Administrator with the Will Annexed of George Kirschbaum, Deceased, and Louis G. Hart, Jr., Respondents.— Decree of the Surrogate's Court of Nassau county, in a proceeding under section 231-a of the Surrogate's Court Act, modified by substituting the sum of $250 in place of the sum of $500 in the recitals and the decretal paragraph thereof, and as so modified unanimously affirmed, with costs to appellants, payable out of the estate. The allowance of $500 for services rendered and disbursements is excessive. Present — Hagarty, Carswell, Johnston, Adel and Taylor, JJ.

In the Matter of the Judicial Settlement of the Final Account of John M. Lyon and George A. Slater, as Committee of the Property of Emma E. Merritt, an Incompetent Person. Howard M. Banks, Individually and as an Administrator, etc., of Emma E. Merritt, Deceased, Appellant; John M. Lyon and George A. Slater, as Committee of the Property of Emma E. Merritt, an Incompetent Person, John Haviland Smith, Individually and as an Administrator, etc., of Emma E. Merritt, Deceased, and Eva Sours Slater, as Executrix, etc., of George A. Slater, Deceased, Respondents.— Appeal from so much of a decree of the Supreme Court of Westchester county as awards a committee of an incompetent person commissions on the value of the incompetent's real estate. Decree judicially settling the account of the committee of the incompetent, in so far as appealed from, affirmed, with costs to respondents, payable out of the estate. No opinion. Hagarty, Johnston, and Close JJ., concur; Carswell and Taylor, JJ., dissent and vote to reverse the decree, in so far as appealed from, with the following memorandum: As matter of law the real estate of the incompetent was never received and, therefore, could not be and was not distributed or delivered by the committee within the purview of Surrogate's Court Act, section 285, subdivision 5, made applicable here by Civil Practice Act, section 1376. That real estate stood in the name of the incompetent. Upon her death it passed by operation of law directly to her heirs. Therefore, its value, when ascertained, may not be made the basis of an award of commissions under the statutory provisions referred to. (*Matter of Salomon*, 252 N. Y. 381, 383; *Matter of Runk*, 181 App. Div. 461, 464; *Matter of McCarthy*, 145 Misc. 556.)