ARTHUR HIGBEE, as Temporary Administrator of the Estate of MICHAEL GORE, Deceased, Plaintiff, *v.* EVA SCHWARTZ et al., Defendants.

Supreme Court, Special Term, Kings County, May 23, 1945.

*Harry Scheer* for Eva Schwartz, defendant.

*Jacob N. Broady* for plaintiff.

RUBENSTEIN, J. This is an action brought pursuant to article 15 of the Real Property Law (§ 500 *et seq.*) to determine a claim to real estate. The pertinent facts are as follows:

On or about June 9, 1943, the decedent, Michael Gore, died, a resident of the borough of Brooklyn, city of New York, and on or about July 13, 1944, plaintiff was appointed temporary

administrator of his estate with authority " to take possession of all the personal and the real property of the said decedent in the County of Kings, and to take such steps as may be necessary for the preservation of the said property, and to receive the rents and profits therefrom, to maintain and defend any action or special proceeding for any of those purposes, and may lease the said real property located in the County of Kings for a term not exceeding one year." At the time of his death the decedent was the record owner of real property known as 774 Franklin Avenue, Brooklyn, New York, and about a month after his decease a deed from the decedent to Eva Schwartz, his sister, was recorded in the Office of the Register of the County of Kings. Eva Schwartz now claims to be the owner of the said real estate. Pursuant to an order of the Surrogate's Court, plaintiff, as temporary administrator, entered into possession of the premises in question and since then has been collecting the rents and managing the property. The ultimate issue to be determined in this action is whether at the time of his death the decedent owned the property involved or whether such premises were owned by the defendant Eva Schwartz.

On this application defendant moves, pursuant to subdivisions 3 and 5 of rule 106 of the Rules of Civil Practice, to dismiss the complaint upon the grounds, first, that plaintiff as temporary administrator has no legal capacity to sue, and second, that the complaint does not state facts sufficient to constitute a cause of action. Previously hereto the Surrogate of Kings County has held that the question whether a temporary administrator can maintain the present action is not one that can be determined in his court. (*Matter of Gore*, N. Y. L. J., Nov. 6, 1944, p. 1202, col. 3; N. Y. L. J., Nov. 25, 1944, p. 1430, col. 3.)

The first question presented is one of statutory construction, whether the Legislature intended by the provisions of section 130 of the Surrogate's Court Act and section 500 of the Real Property Law to authorize a temporary administrator to bring an action to remove a cloud on title. The cardinal rule in construing all statutes is to give effect to the intention of the Legislature. Where the statute is plain and unambiguous, canons of construction need not be consulted to wrest from the enactment a meaning different from that evidently intended by the Legislature. The intent of the statute must be determined by its language, and in determining such meaning the courts must take the act as they find it and construe the same according to the plain meaning of the language employed. It is also relevant to consider the history of the act.

A temporary administrator exercises, when appointed pursuant to article 8 of the Surrogate's Court Act, only such powers as are conferred by statute and the control over him by the surrogate is only such as the statute prescribes. (*Matter of Weisell,* 51 Misc. 325.) He is in effect a receiver acting under the direction of the court, with special functions limited by the provisions of the Surrogate's Court Act. (*Matter of Viggiani,* 171 Misc. 74, 75.) He is a "mere custodial agent for the collection and preservation of property." (*Matter of De Polo,* 146 Misc. 744, 745.) The purpose of section 130 of the Surrogate's Court Act is "to empower an administrator to protect, care for and preserve the property belonging to the estate which otherwise would be without protection and subject to waste. Cases frequently arise where property is idle and exposed to deterioration and there is no one clothed with authority to interfere. Such are the cases within the contemplation of the statute." (*Matter of Ort,* 217 App. Div. 422, 423.) Under section 2600 of the old Code of Civil Procedure, the surrogate was given the power to vest the temporary administrator with the following authority (L. 1901, ch. 21, as renum. by L. 1914, ch. 443): "When a temporary administrator is appointed and a proceeding is pending for the probate of a will of real property, or there is a delay in the granting of letters testamentary or administration on such a will or in the qualification of a trustee named therein, the order appointing him may confer upon him authority to take possession of real property, in the same or another county, which is affected by the will, and to receive the rents and profits thereof. The surrogate may, by an order, confer upon him authority to lease any or all of the real property, for a term not exceeding one year; or to do any other act with respect thereto, except to sell it, which is, in the surrogate's opinion, necessary for the execution of the will, or the preservation or benefit of the real property. For either of these purposes, he may maintain or defend any action or special proceeding."

In construing that section, our courts have held in *Matter of Runk* (181 App. Div. 461, affd. 224 N. Y. 570) that the authorization to take possession of real property does not confer upon the temporary administrator any title to such property. There the court said, at pages 464–465: "It is true that by section 2600 of the Code of Civil Procedure the surrogate may, as he did in this case, authorize a temporary administrator to take possession of the real property belonging to the estate and to receive the rents and profits thereof. It is quite clear that such

an authorization does not confer upon a temporary administrator any title to the real property or any other right than to take such possession as may be necessary to collect the revenue therefrom. In no legal sense can he be said to ' receive ' the real property as that word is used in the section above referred to. His relation to the real property is exactly analogous to the frequent case of a receiver of the rents of mortgaged premises during the pendency of a foreclosure suit. Such a receiver has authority to take possession of the realty for the purpose of collecting the rents, and may make such expenditures thereon for the preservation of the property as the court appointing him may authorize, but no court would listen for a moment to a claim by such a receiver that he should be paid commissions upon the fee value of the property which is the subject of the foreclosure suit. The claim of the temporary administrator has no better basis for its support.'' (To the same effect see *Duryea* v. *Mackey*, 151 N. Y. 204, 207, and *Cohn* v. *Bartlett*, 182 App. Div. 245, 247.)

The only change made in section 2600 of the old Code was by the amendment in 1918 (L. 1918, ch. 315) which conferred upon the surrogate the power to authorize under certain conditions the sale, leasing or mortgaging of real property held by a temporary administrator. (*Matter of Cutter*, 104 Misc. 694.) I am of the opinion that the Legislature did not by that amendment intend to confer any greater authority upon a temporary administrator than that previously given under section 2600 of the Code, except, of course, the additional right to sell, lease or mortgage upon an order of the Surrogate's Court. In this connection it is significant to observe that section 127 of the Surrogate's Court Act gives the temporary administrator the right to maintain an action or special proceeding '' for the purpose of determining the title to personal property in his possession '' but no such right is conferred upon the temporary administrator with respect to real property by section 130 of the Surrogate's Court Act.

A very clear exposition of the authority of a temporary administrator at the present time under section 130 of the Surrogate's Court Act with respect to real property is that stated in Jessup-Redfield's authoritative work upon the Law and Practice in the Surrogates' Courts (3d ed., Vol. 1, § 573, p. 1149) as follows: '' As temporary administrator he takes no title to the real estate of the decedent, or absentee, and can by no act of his, *by virtue of his office,* sell, charge or encumber it, or in any way affect or prejudice the rights of heirs or devisees.''

The same construction is to be placed on section 500 of the Real Property Law. An action under that section is purely statutory and will not lie unless the conditions prescribed therein are fulfilled. (*Vandeveer Crossings* v. *Rapalje,* 133 App. Div. 203, 205.) Prior to the amendment of that section in 1943 (L. 1943, ch. 561) only those persons specifically mentioned therein were authorized to maintain an action under that provision. In *Stevens* v. *Fogle* (73 Misc. 417) it was held that the executors under a will empowered to sell real estate were not proper parties plaintiff to such an action for the reason that the fee to the property, the necessary prerequisite to the plaintiff for the purpose of maintaining the action, was in someone else. Similarly in *Brandenstein* v. *Kawecki* (213 App. Div. 574) it was held that where the plaintiff in an action brought to determine a claim to real property dies, an administrator of the estate of such deceased plaintiff had no power to continue the action. By the amendment in 1943 an executor or administrator may now bring such an action, but no mention is made of a temporary administrator. The words of section 500 of the Real Property Law are plain and clear, and if we construe them as granting a temporary administrator the same powers as that of an administrator, we would be giving a much wider effect to the language employed by the Legislature than that which its own language imports. I am of the opinion, therefore, that the Legislature did not intend to include a temporary administrator as one who might bring an action under the above-mentioned statute.

" ' The power of extending the meaning of a statute beyond its words, and deciding by the equity, and not the language, approaches so near the power of legislation, that a wise judiciary will exercise it with reluctance and only in extraordinary cases.' " (*Matter of McNerney* v. *City of Geneva,* 290 N. Y. 505, 511.)

For the reasons above stated, defendant's motion to dismiss the complaint is granted.