<hr/>

(74 App. Div. 132.)

### MORSE v. TILDEN et al.

(Supreme Court, Appellate Division, First Department. July 8, 1902.)

1. WILLS—CONSTRUCTION—RIGHTS OF LEGATEES.
   Testatrix's will gave an annuity to her husband, and directed her executors to set apart and invest, as trustees, so much of her estate as would produce such annuity, and to distribute the corpus of such trust fund among testatrix's legatees or their heirs at his death. Subsequent clauses of the will provided various legacies. *Held*, that the legacies were subordinate and junior to the right of the husband to have a fund set apart for the payment of his annuity.

2. SAME.
   The first part of testatrix's will directed the creation of a trust fund to pay an annuity to testatrix's husband from her personal property, or her real estate if necessary, and also gave certain legacies, which from their nature were to be immediately paid. The latter part of the will directed the executor to pay certain enumerated specific bequests of money whenever the funds came into their hands sufficient to pay the same, after the foregoing provisions of the will were satisfied, and directed that the remainder of testatrix's personal estate and the proceeds of her real estate should be given to certain beneficiaries, share and share alike. *Held*, that the legacies given in the first part of the will should be paid before the legacies or bequests given in the second part, even if it were necessary to use the proceeds of the real estate for such purpose.
   Van Brunt, P. J., dissenting.

Appeal from special term.

Suit by Waldo G. Morse, as trustee under the will of Ruby Tilden Paine, against Samuel J. Tilden and others, to obtain a construction of the will. From the decree of the special term (72 N. Y. Supp. 30), defendants appeal. Modified and affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

C. S. Haight, for appellant Lebanon Soc.

Frank Cochrane, L. L. Delafield, W. T. Schley, and J. Rider Cady, for respondent.

PATTERSON, J. This is an appeal from an interlocutory judgment made at the special term giving construction to the will of Ruby Tilden Paine, and the only question arising upon the appeal is whether, under the provisions of the will, certain legacies and trust funds are charged upon the whole estate of the testatrix (omitting certain specific bequests), or whether they are chargeable solely upon the personal property. There is but one appellant, and that is the Lebanon Society, to which the testatrix made a bequest, by the fourth clause of her will, of $10,000, to be invested by the trustees of the Congregational Church at New Lebanon, the income to be applied to the salary of the minister of that church so long as the Congregational Society shall exist. The will of the testatrix is a peculiar one in some respects, for it is divided into two distinct parts. The inquiry is directed to the ascertainment of the intention of the testatrix with respect to the different dispositions of property made by those two separate parts of the will. According to the first clause, after providing for a fund for the erection of a tombstone and care of a burial plot, the testatrix refers to the fact that she has no issue, and therefore she gives, devises, and bequeaths all her property, both real and personal, which she had at the time of the making of her will, or might thereafter acquire, as follows: Should she leave a child or children surviving her, she revokes all the subsequent provisions of her will, and in that event she gives, devises, and bequeaths all her property, both real and personal, to such child or children, provided, however, that her executors shall pay to her husband, Willis S. Paine, annually during the term of his natural life, the sum of $10,000; and then she proceeds to provide that, if any child or children subsequently born should die before the decease of the father, then all the provisions of the will are to stand and remain in full force, and during the life of her husband the estate should not be distributed to any child or children. It will thus be seen at the outset of the consideration of this will that the primary object of the testatrix was to provide an annuity of $10,000 a year for her husband, which he was to receive under all circumstances, and which was to be a charge upon the whole estate. By the second clause of the will this is emphasized, for it provides that her executors pay to her husband, provided he survive her, yearly, during the term of his natural life, the sum of $10,000 net, "and, for the purpose of such payment, I make my executors trustees, and direct that they retain out of my estate and invest an amount sufficient to realize such sum annually, and pay said sum out of the income, or, if necessary, the principal thereof, annually, paying over the residue upon the termination of this trust to my legatees or their heirs." The testatrix then requires the executors to invest the sum of $5,000 for each of her nephews and nieces living at the time of her death, and pay the income thereof to each of said nephews and nieces, and then follows the provision respecting the appellant Lebanon Society, and then the fifth clause, as follows:

"I hereby direct and request my said executors to pay the following legacy, viz.: To Ruby Tilden Carpenter, now residing near Troy (granddaughter of John Sherman, residing at Tomhannock, New York), the income resulting from the investment of ten thousand ($10,000) dollars, for the purpose of educating her and supplying her necessary wants until she attains the age of twenty-one, at which time I direct my executors to pay her the income resulting from the investment of five thousand ($5,000) dollars so long as she shall live, the balance remaining of such sum of ten thousand ($10,000) dollars to become a part of my residuary estate."

The annuity and the legacies thus far considered are grouped together because of the provisions of the sixth clause of the will, which creates a distinct line of demarcation between the dispository provisions thus far considered and those which follow. The sixth clause is as follows: "I hereby direct and request my executors to pay the following legacies whenever the fund shall come into their hands sufficient to pay the same, after the foregoing provisions of my will are satisfied;" and then follow certain specific bequests of money to certain persons named, and to certain religious and other societies, and then follows the clause: "All the rest and residue of my personal property and estate, and the proceeds of my real estate, I give, devise, and bequeath to my brothers and sisters, share and share alike." And the seventh clause is: "I give and devise all my other real estate to my executors in trust for the execution of my will, with power to sell and dispose of the same at public or private sale, at such time, and upon such terms, and in such manner, as to them shall seem meet."

The testatrix left no children. All the provisions of the will respecting the annuity to be paid her husband remain in force. The executors constituted a fund from which to pay to the husband of the testatrix a net annual income of $10,000, and in constituting such fund they invested from the personal estate the sum of $307,690. The learned judge at special term decided correctly that by the true meaning and intention and construction of the second article of the will it was the duty of the trustees to set aside a fund from which the net annuity of $10,000 a year for the testatrix's husband should be provided, and that all the remaining general legacies given by the said will are postponed and subordinate to the directions contained in the said will with respect to the creation of the said fund and the payment of the said annuity therefrom; but we do not concur with the learned judge in his views concerning the rights of the general legatees under the provisions of the will anterior to the sixth clause, nor in his determination that by the true intention and construction of the will all the real estate of which the testatrix died seised, with certain exceptions, is devised to the executors therein named as trustees to sell the same and distribute the proceeds as provided in the sixth clause of the will,—that is to say, to sell the same, and distribute the proceeds among the testatrix's brothers and sisters, to whom such proceeds are bequeathed by the terms of the said will; or that the legacy of such proceeds of such real estate is not postponed to any other provisions of the will, except to pay the annuity to the testatrix's husband.

As said before, the whole inquiry is directed to ascertain the intention of the testatrix, and our apprehension is that it was the intention of this testatrix to have the legacy to the Lebanon Society and the other legacies given by the clauses preceding the sixth clause of the will rank after the annuity to the husband, and to be payable out of the whole estate after provision was made for the payment of the annuity. If, to constitute a fund sufficient to provide the annuity to the husband, it became necessary to sell the real estate, the executors had the power to do so, and they had that power for the purposes of paying these general legacies, which from their nature were such as did not admit of postponement. It is not controverted that as a general rule legacies must be paid primarily from personal property, and that, if a legacy is given by a testator without indicating the fund from which it is to be paid, the presumption is that it must be paid out of the personal property, and that if that is not sufficient the legacy would fall in whole or in part. It is also true that the burden of establishing that a legacy is a charge upon real estate is upon the legatee; and it has been held that where general legacies are given in a will followed by a residuary clause in the usual form, and nothing more, the language of the will alone, unaided by extrinsic evidence, is insufficient to charge the legacy upon lands included in the residuary devise. Brill v. Wright, 112 N. Y. 129, 19 N. E. 628, 8 Am. St. Rep. 717. But none of these considerations affect this case. It is obvious that it was the intention of the testatrix by the provision in the third clause for the benefit of her nephews and nieces that they should receive that benefit during their infancy as well as on coming of age, and in the fourth clause the provision for the Lebanon Society was for the payment of the salary of the minister, and by the fifth clause it is perfectly apparent that it was the intention of the testatrix to provide for the education and support of an infant, and that was the primary object, all of which would be thwarted if those legacies were not to be paid before the legacies given by the sixth clause are paid. The proceeds of real estate given to the brothers and sisters of the testatrix are given as legacies, and every other legacy in the sixth clause mentioned is to be paid whenever a fund shall come into the hands of the executors sufficient to pay the same "after the foregoing provisions of my will are satisfied." The residuary clause here is not in the usual form. It is directly connected with, forms part of, and must be construed by the context of, the sixth clause.

It seems to us, taking into consideration all the provisions of this will, that the contention of the appellant is right, and that the legacy to the Lebanon Society is payable out of the whole estate, whether personal property or land, or both, after the constitution of the fund for the annuity of the husband of the testatrix, and is entitled to rank equally with the legacies given by the third and fifth clauses of the will.

The judgment should be modified accordingly, and as modified affirmed, with costs to all parties payable out of the fund. All concur, except VAN BRUNT, P. J., who dissents.