In the Matter of the Estate of ELLA V. VON E. WENDEL, Deceased.*

Surrogate's Court, New York County, December 19, 1935.

* Affd., 248 App. Div. ——.

*George Flint Warren, Jr.* [*John Edmond Hewitt* and *J. Donald Rawlings* of counsel], for the petitioners, etc.

*De Forest, Cullom & Elder*, for The Presbyterian Hospital in the City of New York.

*Barry, Wainwright, Thacher & Symmers*, for the American Society for the Prevention of Cruelty to Animals.

*Morgan & Lockwood*, for The Massachusetts Society for the Prevention of Cruelty to Animals.

*Leonard & Walker*, for The Dobbs Ferry Hospital Association.

*Gould & Wilkie*, for the National Society for the Prevention of Blindness, Inc.

*Richard Kelly*, for The Methodist Episcopal Church Home in the City of New York.

*Griggs, Baldwin & Baldwin*, for the Trustees of the New York Annual Conference and Drew University.

*Parsons & Constable*, for the National Kindergarten Association.

*Mc Kercher & Link*, for The New York Homeopathic Medical College and Flower Hospital.

*Otherman & Swain*, for the St. Christopher's School.

*Stewart & Shearer*, for the New York Society for the Relief of the Ruptured and Crippled.

*Harper & Matthews*, for the Board of Foreign Missions of the Methodist Episcopal Church.

FOLEY, S. The questions raised with respect to the commissions of the temporary administrators are disposed of as follows:

(1) The surviving temporary administrators will be allowed one-half commissions on all moneys and personalty of the estate received by them, at the rate fixed by section 285 of the Surrogate's Court Act, in the exercise of the discretion of the surrogate. (*Matter of Runk*, 181 App. Div. 461; affd., 224 N. Y. 570.) No commissions for paying the moneys and personalty to be turned over to themselves as executors will be allowed until they have fully and satisfactorily completed the administration of the estate as executors. It may be that the death of either of the executors, or their resignations, or removal for cause, or a future liability for a surcharge may require the surrogate, in his discretion, to deny the presently unpaid commissions upon the settlement of their accounts as execu-

tors. I specifically hold that the provisions of section 285 of the Surrogate's Court Act do not authorize the payment of total commissions for both receiving and paying over to a temporary administrator who has executorial duties remaining to be performed. Common sense would dictate that the incentive of final payment should be retained. Otherwise the beneficiaries would be deprived of this important spur to a speedy and complete administration of the estate and a reasonably prompt final distribution. (*Matter of Worthington,* 141 N. Y. 9, 12.)

(2) In the discretion of the surrogate, the deceased temporary administrator will be allowed commissions on all moneys and personalty received and paid out by him during his lifetime at the rate fixed by section 285 of the Surrogate's Court Act. (*Matter of Ziegler,* 218 N. Y. 544; *Matter of Bushe,* 227 id. 85; *Matter of Barker,* 230 id. 364.)

(3) The temporary administrators will be allowed as commissions five per cent of all rents collected by them from the real estate. (*Matter of Althause,* 122 Misc. 279; *Matter of Walsh,* 126 id. 479.) Section 285 of the Surrogate's Court Act provides that an administrator " shall be allowed and may retain " such percentage of the rents collected. It is well settled under the authorities that commissions are fixed and allowed at the rates in effect at the date of the settlement of the account of the representative. (*Matter of Barker,* 230 N. Y. 364; *Matter of Ziegler,* 168 App. Div. 735; *Matter of King,* 121 Misc. 530; *Matter of Barrett,* 124 id. 699; *Matter of Jones,* 136 id. 122.) Therefore, the retention of such five per cent commissions may only be made under the decree settling the account. The deceased temporary administrator will be allowed a one-third share of such five per cent of all rents collected during his lifetime. There shall be deducted, however, from such five per cent the expenses of the management of the real estate office maintained by them and those incidental to the collection of the rents. If the office was used solely for the collection of the rents and the management of the real property, then the entire cost of the maintenance of the office must be deducted from the five per cent of the gross rents in order to arrive at the net commissions. If the office was also used by the administrators in connection with the administration and management of other estate matters, they should separate the expenses incurred in connection with the management of the real estate from those incurred in the general administration of the other matters of the estate, and allocate to each their proportionate share of the expenses. An affidavit as to such allocation is directed to be served and filed within five days.

(4) The temporary administrators will be allowed five per cent upon the sum of $26,245.30 representing unpaid *rents* collected from the New York Casualty Company under its agreement guaranteeing the payment of the rent and taxes of premises 21–23 Union Square, Manhattan, New York city, in the event of the default of such payment by the lessee. They are not entitled, however, to five per cent on the sum of $12,631.16 recovered by the administrators from the surety company, representing the amount of unpaid *taxes* upon the premises. The latter item did not constitute rents which the administrators were required to collect, but represented payments that were to be made under the net lease directly by the lessee to the city of New York.

Serve and file new computation of the commissions under these directions and submit decree on notice settling the account.