In the Matter of the Estate of ENRICO VIGGIANI, Deceased.

Surrogate's Court, New York County, April 20, 1939.

*Avallone & Napolitano*, for the temporary administrators, petitioners.

*Hardin, Hess & Eder* [*Frank Rashap* of counsel], for the objectants.

FOLEY, S.   The principal question in this accounting proceeding involves the allowance of commissions to the temporary adminis-

trators. It is contended on behalf of the objectants that because the testator in his will directed the executors to serve "without compensation, statutory or otherwise," they should be denied commissions in their capacity as temporary administrators. The contention is overruled. The research of counsel and of the surrogate has failed to reveal any reported decision on the question.

Upon application made to my colleague, Mr. Surrogate DELEHANTY, two temporary administrators were appointed. These two persons had been named as executors in the will. The application was clearly made in good faith because of the prospective delay in the admission of the will to probate due to the fact that certain of the persons interested resided in Italy and service of a citation by publication was necessary. (Surr. Ct. Act, § 126.) In addition, the assets of the testator's estate consisted of real estate and a private banking business which had to be conserved. There is not the slightest evidence that the application for the appointment of the temporary administrators was made in bad faith or for the purpose of obtaining commissions which could not have been allowed to them under the terms of the will for executorial duties.

The status of a temporary administrator and his powers and authority have been frequently defined by the courts. He is, in effect, a receiver acting under the direction of the court with special functions limited by the provisions of the Surrogate's Court Act. (Surr. Ct. Act, §§ 127, 128, 129, 130, 131; *Matter of Worch*, 124 Misc. 380; *Matter of Runk*, 181 App. Div. 461; affd., 224 N. Y. 570; Jessup-Redfield, Surrogates' Courts [3d ed.], 1119.) The method of computing and awarding compensation has been conformed by analogy to the commissions of an executor and administrator. (*Matter of Wendel*, 159 Misc. 900; affd., 248 App. Div. 713; affd., 273 N. Y. 532; *Matter of Runk, supra; Matter of Hurst*, 111 App. Div. 460; *Matter of King*, 122 id. 354.)

The status and functions of a temporary administrator are distinguishable from those of an executor. The powers of the former are purely statutory, while those of the latter are testamentary and statutory. The immunities granted by the will to an executor are not available to the temporary administrator whether or not he be named as an executor. The temporary administrator possesses no specific grant of authority given by the will to the executor.

The basis and rates of compensation to a temporary administrator are fixed by section 285 of the Surrogate's Court Act.

During the period immediately preceding the amendment made to that section by chapter 202 of the Laws of 1936 there was a special statutory rule contained in the section which applied to the compensation of a person who was first a temporary adminis-

trator and later an executor. The statute gave the right of election to take commissions in either capacity and a temporary administrator usually elected, where the whole estate was received by him, to take compensation for receiving and paying over the entire estate under the decree approving his account as temporary administrator. The evil of permitting such a practice was obvious since the fiduciary would have received his entire compensation prior to the rendition of the real service which he must thereafter perform as executor. With the compensation previously paid, the beneficiaries would be deprived of the important incentive to the completion of administration of the estate and a final distribution. (*Matter of Worthington*, 141 N. Y. 9, 12.)

The amendment of 1936 changed the rule. The amended form of subdivision 8 of that section now reads: " Where successive or different letters are issued to the same person on the estate of the same decedent, including a case where letters testamentary or letters of general administration, are issued to a person who has previously been appointed a temporary administrator, he is entitled to a total compensation equal to the compensation allowed for the full administration of the estate by a fiduciary acting in a single capacity only. Such total compensation shall be payable in such proportions and upon such accounting as shall be fixed and allowed by the surrogate settling the account of the person holding such successive or different letters but no paying out commissions shall be allowed except upon such sums as shall have been actually paid out at the time of the respective decrees for debts, expenses of administration or to legatees or other beneficiaries." It will be seen that where successive letters are issued to the same person or persons compensation is based upon sums actually received and paid out in the respective periods of service as temporary administrator and as executor. The purpose of the amendment of 1936 was outlined in the explanatory note printed in the legislative bill. The temporary administrator becomes entitled to receiving commissions and to paying out commissions upon sums actually paid out, prior to or at the time of the decree settling his account, for debts, administration expenses or payments to legatees or other beneficiaries. Under the altered terms of the section he is not entitled to commissions for paying over to himself as executor. Such paying over commissions must await award in the decree judicially settling the account of the executor and they are allowed to him in that capacity. The new statute presents in effect a continuing administration of the estate divided into two periods, the first of which is terminated by the decree judicially settling the account of the temporary administrator, and the second by the decree in the executor's accounting.

I find no indication in the section that a prohibition contained in a will against an executor receiving any compensation or a provision for an amount less than the legal commissions, prevents the person who has been appointed temporary administrator from receiving commissions in the latter capacity. The terms of the will apply exclusively to the compensation or the denial of it for services rendered as executor. The terms of the will here indicate no limitation on the right of a person named as executor to compensation if he were appointed as temporary administrator. The testator made no provision for that contingency. The statute fixes the compensation awarded to the temporary administrator as a receiver appointed by the court. Where the person named as executor, as here, has accepted the appointment under the will without compensation pursuant to its terms, he may not be awarded commissions in his capacity as executor.

The distinction between the status of a temporary administrator and an executor and the method of fixation of compensation of each is exemplified in *Matter of King* (122 App. Div. 354). There it was held that the temporary administrator was entitled to commissions on personal property specifically bequeathed under the will, although an executor, under the then existing and present law, would not have been entitled to commissions upon the specific legacy.

The surrogate, therefore, holds that the temporary administrators are entitled to their commissions on moneys received by them and upon sums received and paid out for administration expenses and other prcper expenditures set forth in the account or authorized to be paid by the decree pursuant to the provisions of section 285 of the Surrogate's Court Act.

They are not entitled to commissions for paying over the funds to themselves as executors. The executors, under the terms of the will, will not be entitled to any award of compensation.

The total compensation, including their disbursements, of the attorneys for the temporary administrators is fixed at the sum of $3,790 and the objection to the item of the account is sustained to that extent.

The objection to the amount paid for the compensation of the accountant is overruled.

Submit decree on notice settling the account accordingly.