In the Matter of the Estate of HENRIETTA MELGOOD, Deceased.

Surrogate's Court, Kings County, July 26, 1940.

*Freedman, Loewenstein & Freedman,* for Bernard Malgood, as temporary administrator and executor, petitioner.

*Thomas S. Agresta,* for Florence M. Mulligan, temporary administratrix and executrix, petitioner.

*Coombs & Wilson* [*W. R. Geary, Jr.*, of counsel], for The Industrial Home for the Blind, legatee.

*Latson & Tamblyn*, for The Brooklyn Association for Improving the Condition of the Poor, legatee.

*Lewis, Marks & Kanter*, for the Brooklyn Hebrew Orphan Asylum, legatee.

WINGATE, S. So far as the diligence of counsel and the independent research of the court have succeeded in disclosing, the present testatrix has accomplished a refutation of the ancient aphorism that " there is nothing new under the sun." The problems posed concern the preference and abatement of testamentary gifts in consequence of inadequacy of assets for their complete solution.

The will and codicil contain forty numbered or lettered items making minute and particular disposition of various asset items and sums of money aggregating $91,216.75. The estate of the testatrix, at the time of her death, was approximately adequate for their complete solution, but due to an unsuccessful contest of the will has been reduced so that the expectations of some of the prospective recipients must be partly or wholly disappointed. The questions presented are as to those who are to be included in this class.

The gifts which were made by the will were partly in cash, partly in specified amounts of securities generally traded in on the open market, both with and without accompanying language indicating reference to particular securities owned by the testatrix at the date of the will, and partly in securities clearly identified by distinguishing number and description.

In the usual situation, these diverse methods of gift would have the effect of determining the relative rights of the respective donees according to the well-established rules which received somewhat more than passing attention in the opinions of this court in *Matter of Smallman* (138 Misc. 889); *Matter of Anable* (139 id. 914), and *Matter of Baker* (146 id. 437).

Despite the frequently helpful nature of these so-called rules, it is universally recognized that they are the results only of inferences, indulged by the courts, of the probable desires of a given testator in the absence of express statement respecting the course to be adopted in such contingencies (*Matter of Title Guarantee & Trust Co.*, 195 N. Y. 339, 343; *Matter of Crouse*, 244 id. 400, 404; *Matter of Morris*, 227 id. 141, 144; *Matter of Frankenheimer*, 195 id. 346; *Orton* v. *Orton*, 3 Abb. Ct. of App. Dec. 411, 415; *Wechsler* v. *Drey*, 203 App. Div. 692; *Matter of Lloyd*, 166 id. 1, 7; *Matter of Van Brunt*, 159 Misc. 105, 107), and become impotent and inapplicable in the face of any express divergent expression on the part of the

testator himself. (See authorities last cited; also *Matter of Brundage*, 101 Misc. 528, 534; affd., *sub nom. Matter of Farmers' Loan & Trust Co.*, 186 App. Div. 722; modfd. on other grounds, 226 N. Y. 691; *Morse* v. *Tilden*, 74 App. Div. 132, 136; *Shethar* v. *Sherman*, 65 How. Pr. 9, 14; *Matter of Clark*, 166 Misc. 909, 916; *Matter of Smallman*, 138 id. 889, 894, 895.)

In the present will the testatrix has given unequivocal directions on the subject of preference, abatement and ademption which largely, if not wholly, nullify the usually applicable rules predicated purely on inference of her probable intentions. These are inserted in the items of her will numbered " 32nd " to " 34th," inclusive, and read:

" *32nd*. I further provide that if the entire amount of the principal, not an instalment or payment on account of the principal, of any security, bond, mortgage, certificate or stock herein devised is paid to me after the execution of this my will, then I direct that my executors replace said security, bond, mortgage, certificate or stock with an amount of money equivalent to that which I received in satisfaction, assignment, redemption or payment of said security, bond, mortgage, certificate or stock.

" *33rd*. I further provide that the legacy, devise and bequest of the house at 502 Westminster Road, Brooklyn, New York, and the personal effects, household furniture and furnishings therein to Florence M. Mulligan shall be transferred to her free from any and all legacy, transfer, inheritance, estate and succession taxes, State or Federal and shall be preferred as to any and all legacies, devises and bequests.

" *34th*. I further provide that none of the legacies herein given, devised or bequeathed shall have priority or preference but all shall be treated in the same manner and with the same right as if all were of the same class, with the exception of the devise of the house at 502 Westminster Road, Brooklyn, New York, and the household furniture, household furnishings and personal effects therein to Florence M. Mulligan."

By these items the testatrix, in the most unequivocal manner conceivable, has expressed her intention that, with the single exception noted, all gifts contained in the will should be treated on an absolute parity, and, in effect, that all should be deemed general legacies. In so far as they are sums of money, these sums measure their amount. In the situations in which their *quantum* is expressed in terms of property, they are to be construed as gifts of so much of such property up to the *pro rata* of the value of the property, as compared with all of the other gifts, which such items possess at the date of distribution. To the extent that the individual items

belong to the donees, they are entitled to the produce thereof since the date of death. It follows that any dividends or interest received thereon since the death of the testatrix should be prorated between the individual donee and the estate as a whole.

As to all gifts except those made to the executors, the foregoing disposes of all questions of preference and abatement which have been propounded in this proceeding. The gift under item 28th of the will of the house and personal effects to Florence M. Mulligan is payable in full. All others abate *pro rata*. In so far as such other gifts are of identified asset items, the donees receive them subject to a lien for the sum by which their gifts must abate. They may exonerate these items of property by payment of such sums, in default of which, they must be sold for the purpose of realization, with any sums in excess of the lien amounts payable to the donees respectively.

The two final questions of interpretation relate to the executors who are appointed by the 36th item of the will which, after the customary language of appointment, reads: " The legacies to Bernard Malgood, Florence M. Mulligan and Anna Hausman shall be in lieu of commissions as executors and that they expressly waive any further compensation for their services as executors."

Their counsel urges that their gifts should receive preference over the other legacies exclusive of that of Florence Mulligan, above noted, on the theory that they are *quasi* purchasers. By this argument he attempts to apply one feature of the rules of inferred intention applicable to abatement situations in the absence of express direction by a testator. As hereinbefore noted, however, these rules are not applicable in any particular to the devolution under the present will, since the testatrix has expressed her positive desires in this regard. His attempted distinction between equality of gifts and non-equality among individuals is unconvincing.

The statement in the will is that their " legacies * * * shall be in lieu of commissions as executors." In other words, they are required to accept what is expressly given them in full of their rights to the extent expressed. That which is given is " A " dollars after a possible deduction of " X " dollars in the event that the assets of the estate are insufficient to pay all directed benefits in full. There is no basis for any greater claim on their part. On usual equitable principles they must do all in their power to effectuate the terms of the will in the entirety if they desire to claim the benefits accorded thereby. (*Thellusson* v. *Woodford*, 13 Ves. 209, 220; *Leonard* v. *Crommelin*, 1 Edw. Ch. 206, 209; *Havens* v. *Sackett*, 15 N. Y. 365, 369; *Chipman* v. *Montgomery*, 63 id. 221, 235; *Beetson* v. *Stoops*, 186 id. 456, 462; *Matter of Smith*, 150 Misc. 367, 369; *Matter of Lage*, 167 id. 636, 639.)

There is, however, no sound basis for carrying the condition imposed upon the receipt of the testamentary gifts beyond that expressly imposed by the testatrix herself. She provided that her fiduciaries, as a condition to receipt of the accorded testamentary benefits, should " expressly waive any further compensation for their services *as executors.*" (Italics supplied.) As events have transpired, they were, in addition, compelled to render services as temporary administrators. The offices are distinct. One does not include the other and there is no reason in law or logic which may prevent them from receiving the compensation which the statute accords for their service in the latter capacity. (*Matter of Viggiani*, 171 Misc. 74, per FOLEY, S.) The showing of the present record is insufficient upon which to predicate a determination that the legacy to Ella Bender should be paid to the city treasurer in accordance with the principles of *Matter of Weidberg* (172 Misc. 524).

Enter decree on notice in conformity herewith.