In the Matter of the Accounting of GUARANTY TRUST COMPANY OF NEW YORK, as Temporary Administrator and Executor of BEN HILLMAN, Deceased.

Surrogate's Court, New York County, September 10, 1951.

*Milton A. Willment, Jr.,* for temporary administrator and executor, petitioner.

*Lewis Abraham,* special guardian for Noel Stern, an infant, respondent.

*Joseph A. Cox* for Francis J. Mulligan, as Public Administrator of the County of New York, respondent.

FRANKENTHALER, S. In his will decedent appointed Guaranty Trust Company and his nephew, Sidney Hillman, executors and trustees. The will provided that the appointment of each " is upon the express condition that none of them shall receive as compensation for services to be rendered as such, and they shall demand no more than one per cent. (1%) upon the gross value of my estate and one per cent. (1%) upon the gross income arising from the trusts herein created. The qualification of each of said executors and trustees shall be conclusive evidence of the acceptance of this condition."

Sidney Hillman predeceased the testator and because of objections to the probate letters of temporary administration were issued to Guaranty Trust Company on July 16, 1948. The objections having been withdrawn on August 4, 1948, the will was admitted to probate and letters testamentary were granted to Guaranty Trust Company on September 15, 1948.

In its account as temporary administrator and executor, Guaranty Trust Company requests a full receiving commission on the gross principal assets as temporary administrator and a commission of 1% on the assets which it received as executor. It also requests receiving and paying commissions on income computed at 2%.

The primary issue presented herein is whether the restriction on commissions contained in the will applies to commissions as temporary administrator. Subdivision 8 of section 285 of the Surrogate's Court Act reads in its pertinent parts as follows: "Where successive or different letters are issued to the same person on the estate of the same decedent * * * he is entitled to a *total compensation* equal to the compensation allowed for the full administration of the estate by a fiduciary acting in a single capacity only." (Emphasis supplied.)

The compensation allowed for the administration of this estate by the Guaranty Trust Company as executor is that specified in the will. Hence, it is not under the statute entitled to a " total compensation " in excess of that sum. The statutory provision was intended to prevent a person who performed the same functions in two capacities from collecting double commissions therefor. There is no indication that a different result was intended should the executor's commissions be less than the statutory rate. On the contrary, the broad and inclusive language of subdivision 8 of section 285 would seem to admit of no exception.

In the present case, Guaranty Trust Company performed no extraordinary services in its very brief tenure as temporary administrator. The measures it took then were those it was obligated to take once it qualified as executor. It would be unreasonable to allow the accountant a commission in excess of that which it agreed to accept for performing the same services. The court declines to follow *Matter of Viggiani* (171 Misc. 74), followed in *Matter of Millington* (N. Y. L. J., March 10, 1945, p. 930, col. 5) and *Matter of Melgood* (174 Misc. 754), as the reasoning therein seems contrary to the rationale of the statute hereinbefore quoted. For its services as temporary administrator and as executor, the petitioner herein is limited to the commission specified in the will.

The court holds further that the income commissions were improperly computed at 2% as the restriction in the will is applicable to income as well as principal.

In accordance with its request the executor will be authorized to reserve the sum of $2,500 out of capital to meet any possible increase in Federal or State income taxes. The compensation and disbursements of the attorney for the petitioner are allowed in the sums requested as is the compensation of the special guardian.

Submit decree on notice.