In the Matter of the Accounting of GUARANTY TRUST COMPANY OF NEW YORK, as Temporary Administrator and Executor of BEN HILLMAN, Deceased, Appellant. FRANCIS J. MULLIGAN, Public Administrator of the County of New York, et al., Respondents.

First Department, June 17, 1952.

*Walter D. Fletcher* of counsel (*Milton A. Willment, Jr., Andrew Y. Rogers* and *J. Dormer Cannon,* with him on the brief; *Hill, Lockwood & Redfield,* attorneys), for appellant.

*Joseph T. Arenson* of counsel (*Joseph A. Cox* with him on the brief; *Joseph A. Cox,* attorney), for Public Administrator, respondent.

*Lewis Abrahams,* special guardian, respondent in person.

CALLAHAN, J.   The appellant Guaranty Trust Company of New York appeals from so much of a final decree of the Surrogate's Court as limits its compensation for services as temporary administrator and executor upon the judicial settlement of its account.   The Surrogate's decision rested upon the ground that under the will commissions were to be limited to 1% on the gross estate and 1% on income.

The testator died on April 16, 1948, his will being dated March 18, 1943. Following the decedent's death, objections were filed to probate of the will. Pending the determination of the objections, the trust company made application to the Surrogate's Court for appointment as temporary administrator in view of the possibility of a long drawn out will contest. Letters of temporary administration were granted by the Surrogate on July 16, 1948. The temporary administrator thereupon received the assets of the estate from itself as committee, the testator having become incompetent prior to his decease. After its appointment as temporary administrator, the will contest was settled and the objections to probate withdrawn. Thereupon the will was admitted to probate, and letters testamentary issued to the appellant on September 15, 1948.

The last paragraph of decedent's will limited the compensation of the executor and trustee for services as such to 1% of the gross value of the estate and 1% upon the gross income from certain trusts created under the will. It further provided that the qualification of the executor and trustee should be conclusive evidence of the acceptance of this condition. The limitation in the will was in accord with a letter signed by the trust company prior to the execution of the will. The letter, however, was also confined to the fees of the executor and trustee as such.

After completion of the administration of the estate, the trust company brought this proceeding for the judicial settlement of its account both as temporary administrator and executor and for the payment of its compensation for acting in both capacities.

The account contained a schedule (K) setting forth the amount of commissions alleged to be due the trust company both as temporary administrator and as executor. The commissions were computed for services as temporary administrator at the statutory rates on the amount of property received by it as temporary administrator. This amounted to about 1% of this estate of $800,000. It also computed its commissions as executor at 1% of the principal paid out in accordance with the terms of the will.

Although no party had objected to the appellant's computation of commissions, the Surrogate in a commendable effort to conserve the estate directed that the trust company should be limited to total compensation in the aggregate of 1% of the gross estate both for its services as temporary administrator and its services as executor. Thus, the Surrogate applied the

limitation of 1% contained in the will to the appellant in both its fiduciary capacities, holding that it had agreed to limit its compensation not only as executor but as temporary administrator.

The commissions of estate fiduciaries are fixed by section 285 of the Surrogate's Court Act. In an estate of the present size a temporary administrator is entitled to approximately 1% of the value of property received and 1% of the value of property paid out. Executor's commissions are the same, unless the will provides for a lesser amount, in which case the will controls. Subdivision 8 of the section provides, however, that where the same person acts first as temporary administrator and then as executor, double commissions are prohibited, and the fiduciary will receive a total compensation that would equal the compensation in a single capacity only.

It is the usual practice for the Surrogate to appoint as temporary administrator the same person named in the will as executor. It should be borne in mind, however, that both are separate and distinct offices, and each renders separate services. If the temporary administrator and executor were not the same person in any particular case, both would be entitled to a full commission. If the will had not been admitted to probate, the appellant as temporary administrator would have been entitled to full commission.

Under like circumstances other Surrogates have ruled that executors who had acted as temporary administrators prior to their appointment were entitled to receive the statutory commissions as temporary administrator despite a stipulation in the will requiring them to serve as executors without commissions. (See *Matter of Viggiani,* 171 Misc. 74; *Matter of Melgood,* 174 Misc. 754.) As was pointed out in those decisions the terms of the will limiting or denying compensation apply exclusively to services rendered as executor and in no way limit or indicate an intent to limit the right of a person named as temporary administrator to receive compensation.

We are in accord with the views thus expressed. The powers of a temporary administrator are statutory, and those of an executor testamentary as well as statutory. A temporary administrator possesses none of the authority given by a will to an executor. Likewise the commissions fixed by the statute as compensation for a temporary administrator are statutory, and the statute cannot, of course, be limited by any provision in a will. Subdivision 8 of section 285 of the Surrogate's Court Act does not provide differently. It does provide that where

successive letters are issued to the same person, compensation is based upon sums actually received and paid out in the respective period of service in the two offices. Under the terms of the section as amended the temporary administrator is not entitled to commissions for paying over to himself as executor. Such paying over commissions must await the decree judicially settling the account of the executor, and they are allowed to him in that capacity.

The services rendered by a temporary administrator tend to conserve the estate until the qualification of the executor. The necessity for such services was decided by the Surrogate when he appointed the appellant as temporary administrator for this estate. The compensation follows as a matter of law. That the term of office of the temporary administrator was brief in the instant case does not affect the question of compensation. Whether the services are ordinary or extraordinary would not alter the case. Statutory compensation is fixed for ordinary services. The statute does not make any requirement for extraordinary services, and we see no basis for adding that requirement because the same person happened to have acted both as temporary administrator and subsequently as executor.

If the present will indicated that the testator had intended to limit the executor to commissions of $\frac{1}{2}\%$ for receiving and $\frac{1}{2}\%$ for paying out, it might well be that the total compensation of the trust company would be limited to $1\frac{1}{2}\%$ in view of the provisions of section 285 as amended with respect to when the several portions of the commissions are deemed earned and payable. The present will, however, cannot be so construed.

The decree of the Surrogate, insofar as appealed from, should be reversed, with costs payable out of the estate, and the appellant allowed commissions as requested in Schedule K of its account.

GLENNON, J. P., SHIENTAG and HEFFERNAN, JJ., concur; COHN J., dissents and votes to affirm on the opinion of Surrogate FRANKENTHALER (200 Misc. 646).

Decree reversed, with costs to all parties appearing and filing briefs herein payable out of the estate, and the appellant allowed commissions as requested in Schedule K of its account. Settle order on notice.