In the Matter of the Accounting of ROBERT J. WOOD et al., as Executors and Temporary Administrators of the Estate of MARTIN MCVOY, JR., Deceased.

Surrogate's Court, New York County, June 18, 1952.

34

*Harry H. Oshrin* and *Louis Susman* for Charles F. McVoy, petitioner.

*Vaughan & Lyons* for Maud McVoy and another, respondents.

*Jay Leo Rothschild, Martin J. Desmoni* and *Stanley L. Gluck* for executors and temporary administrators, respondents.

*Eugene W. Goodwillie, Constable MacCracken* and *Louis S. Auchincloss* for Cornell University and another, respondents.

*Nathaniel L. Goldstein, Attorney-General (Corning G. McKennee* of counsel), in his statutory capacity under section 12 of Personal Property Law and section 113 of Real Property Law, respondent.

FRANKENTHALER, S. Pending the probate of deceased's will letters of temporary administration were granted to the three persons nominated as executors in that instrument. Upon the admission of the will to probate letters testamentary were issued to the nominated executors. They presently are accounting as temporary administrators and certain of the objections to their account concern the allowance of commissions under section 285 of the Surrogate's Court Act to the accounting parties as temporary administrators.

The will denies commissions as executor and trustee to the widow of deceased who is one of the accounting parties. This testamentary provision, however, does not deprive the widow of commissions in her capacity as temporary administratrix (*Matter of Hillman,* 280 App. Div. 310).

Commissions will not be allowed in the decree to be entered herein for sums turned over by the temporary administrators to themselves as executors. Section 285 of the Surrogate's Court Act provides that a person who acts both as temporary administrator and executor is entitled to a total compensation equal to the compensation allowed for the full administration of the estate by a fiduciary acting in a single capacity. The amendment to the statute effected by chapter 202 of the Laws of 1936 added the following provision: " Such total compensation shall be payable in such proportions and upon such accounting as shall be fixed and allowed by the surrogate settling the account of the person holding such successive or different letters but no paying out commissions shall be allowed except upon such sums as shall have been actually paid out at the time of the respective decrees for debts, expenses of administration or to legatees or other beneficiaries."

The note to the legislation explained the purpose of the amendment in the following language: " The change sought to be effected by the amendment to subdivision 8 of section 285, Surrogate's Court Act, is to make impossible the claim which sometimes is made under the existing statute that a temporary administrator can collect full compensation both for receiving and paying out the entire estate though he has rendered no

substantial service in its administration in that capacity. The evil of permitting such a practice is obvious since the fiduciary will have had his entire compensation prior to the rendition of the real service in administration which he must thereafter perform as executor. The present statute gives a right of election to take in either capacity and the natural result of that state of the law is that the fiduciary will elect to take as soon as he can, i.e., at the end of the first period of service. The change proposed gives the fiduciary fair treatment by allowing him commissions as fixed by the surrogate but assures that final paying out commissions cannot be collected until the estate is administered and actually paid out.''

The 1936 amendment to the statute was recommended by The Surrogates' Association of the State of New York (8 New York State Bar Association Bulletin 155–156) and Surrogate FOLEY, the then president of the association, had occasion to construe the amended statute in *Matter of Viggiani* (171 Misc. 74). The Surrogate said (171 Misc. 76): '' The temporary administrator becomes entitled to receiving commissions and to paying out commissions upon sums actually paid out, prior to or at the time of the decree settling his account, for debts, administration expenses or payments to legatees or other beneficiaries. Under the altered terms of the section he is not entitled to commissions for paying over to himself as executor. Such paying over commissions must await award in the decree judicially settling the account of the executor and they are allowed to him in that capacity.''

The distinction attempted to be drawn by the accountants between the '' allowance '' and the '' collection '' of commissions is wholly without basis. The statute does not contemplate that in this situation commissions not presently collectible shall be computed and payment only postponed. The paying out commissions to be computed, allowed, paid or collected by the temporary administrators are the commissions upon sums actually paid out for debts, administration expenses and gifts under the will. Receiving commissions will be allowed on any actually realized increases in principal assets (*Matter of Armstrong*, 197 Misc. 1070) and upon the increment of any property distributed in kind to a legatee or beneficiary (*Matter of Meyerson*, N. Y. L. J., March 7, 1941, p. 1050, col. 2). Receiving commissions will not be allowed on unrealized increases in the value of assets turned over by the temporary administrators to themselves as executors. Neither may receiving commissions be taken on the total value of securities pledged as col-

lateral for a loan but only upon the equity in the collateral above the amount of the debt (*Matter of Mills,* 149 Misc. 389, affd. 239 App. Div. 817, affd. 263 N. Y. 574; *Farmers' Loan & Trust Co.,* v. *Turner,* 242 N. Y. 240; *Matter of Mercantile Trust Co.,* 210 N. Y. 83; *Matter of Dickler,* N. Y. L. J., Jan. 30, 1934, p. 481, col. 1; *Matter of Wolburg,* N. Y. L. J., June 7, 1934, p. 2764, col. 5; *Matter of McCabe,* 154 Misc. 279). Commissions upon an uncollected item of $711.50 have been waived by the temporary administrators and, by agreement of the parties, all other questions pertaining to this item will be reserved, without prejudice, to the proceeding for the settlement of the account of the executors. The accounting parties are directed to supplement their account by a schedule containing a recomputation of commissions in accordance with the foregoing rulings.

The objection to the payment to the firm of certified public accountants is overruled. In the circumstances the engagement of the accounting firm lightened to some degree the labors of the attorneys and must be given consideration in determining their fee. Neither can the attorneys be compensated for performance of the administerial duties of the accounting parties. The fee of the attorneys is fixed in the sum of $22,500.

Submit decree on notice settling the account.