Joseph A. Cox, S.
Instruments which were filed for probate as the last will of the decedent nominated two individuals and a banking corporation as executors. By reason of the fact that probate would be unavoidably delayed and there was need for protection of the estate assets during such period, the nominated executors procured letters of temporary administration. Thereafter negotiations were had among the persons interested in the estate and ultimately an agreement was reached which provided, among other things, that probate of the decedent’s will be had in the State of Connecticut.
The temporary administrators, who also are the executors appointed in Connecticut, now are accounting and their account gives rise to a question as to the amount of commissions allowable to them. Subdivision 5 of section 285 of the Surrogate’s Court Act provides that in the event of the issuance of successive or different letters to the same person, ‘ ‘ including a case where letters of general administration, are issued to a person who has previously been appointed a temporary administrator, he is entitled to a total compensation equal to the compensation allowed for the full administration of the estate by a fiduciary acting in a single capacity only ’ ’. The statute provides further that “ Such total compensation shall be payable in such proportions and upon such accounting as shall be fixed and allowed by the surrogate settling the account of the person *326 holding such successive or different letters but no paying out commissions shall be allowed except upon such sums as shall have been actually paid out at the time of the respective decrees for debts, expenses of administration or to legatees or other beneficiaries.”
The individual executors in Connecticut have renounced any compensation in that jurisdiction and, insofar as they are concerned, the granting of full commissions to them as temporary administrators would not provide them with compensation beyond that allowable to persons acting in a single fiduciary capacity. As to them, the sole question is whether or not the statutory limitation upon that portion of their compensation which is computable as paying out commissions is applicable.
It is the opinion of the court that the limitation upon commissions that exists when successive or different letters are granted was intended by the Legislature to apply to the issuance of letters within this State and that the Legislature neither contemplated the situation where letters would be issued in another jurisdiction nor attempted to exercise any control in such a situation. The purpose of the statute and some of its history was discussed by Mr. Surrogate Foley in Matter of Viggiani (171 Misc. 74) where the Surrogate said that an essential objective of the enactment was to provide a fiduciary with an incentive to complete the executorial administration by withholding a portion of his compensation until the time for final distribution of the estate assets. However, in the ease of a foreign probate this objective cannot be accomplished because control of the estate by this court will terminate with the close of the temporary administration and a temporary administrator denied full compensation by this court would not be in a position to request the balance of his commissions upon the termination of the executorial administration in another jurisdiction. The present situation is quite analogous to the instances where ancillary administrations of estates are had and full commissions are granted to the fiduciary acting in both jurisdictions. In fact the administration in this State was ancillary in nature inasmuch as domicile has been recognized to be in Connecticut.
It is held that the limitation contained in section 285 of the Surrogate’s Court Act is not applicable in the circumstances of this case and the temporary administrators are allowed full receiving and paying out commissions.
Proceed accordingly.