Pierson R. Hildreth, S.
The unresolved questions raised in this accounting proceeding which involve the allowance of commissions of the temporary administrators and the propriety of certain payments made by them to the Department of Mental Hygiene are disposed of as follows:
The deceased temporary administrator is allowed commissions on all moneys and personalty received and paid out by him during his lifetime at the rate fixed by subdivision 1 of section 285 of the Surrogate’s Court Act. Although it has been suggested that less than maximum commissions be allowed him and his estate because of alleged mismanagement, the court finds nothing in the record before it which would justify reduction of his commissions on such grounds. So far as appears he acted in good faith and all assets, receipts and disbursements have been accounted for. The successor temporary administratrix is allowed commissions on all moneys and personalty received and paid out by her at the rate fixed by said subdivision 1 of section 285 of the Surrogate’s Court Act. No commissions for paying the moneys and personalty turned over, and to be turned over, to herself as administratrix with the will annexed will be allowed until she has fully and satisfactorily completed the administration of the estate in such capacity. (Matter of Wendel, 159 Misc. 900, aifd. 248 App. Div. 713, affd. 273 N. Y. 532.) In computing commissions of the temporary administrators in this proceeding, the value of specifically bequeathed personalty shall be included. (Matter of Egan, 7 Misc. 262; Matter of Viggiani, 171 Misc. 74; Matter of Hanson, 142 N. Y. S. 2d 385.)
The deceased temporary administrator and the successor temporary administratrix are respectively allowed additional commissions for collecting rents and managing the real property
*74 of the decedent at the rate fixed by subdivision 6 of section 285 of the Surrogate’s Court Act. Since no title to such real property was conferred upon them or either of them, neither of them are entitled to commissions upon the value of any real property left by the decedent, whether specifically devised or not. (Matter of Runk, 181 App. Div. 461, affd. 224 N. Y. 570.)
Income commissions with respect to decedent’s business are limited to commissions computed on the net income of such business only. The temporary administrators are not entitled to commissions upon money received and paid out in operating decedent’s business. (Matter of Bothmer, 157 N. Y. S. 2d 257; Matter of Sidenberg, 204 App. Div. 255; Beard v. Beard, 140 N. Y. 260.)
The objections to the payments made to the Department of Mental Hygiene must be sustained. Admittedly there was no obligation of the estate to make such payments. The temporary administrators had neither the right nor the authority to make them. Authority to do so was neither sought nor obtained. (Surrogate’s Ct. Act, §§ 127, 129.) Under the circumstances the court must surcharge the temporary administrators with the amount of the payments made by each of them, respectively, to the Department of Mental Hygiene, but without interest.
Settle decree on notice accordingly after amending account and recomputing commissions in accordance herewith.