■ In the Matter of the Estate of MANNY E. DUELL, Deceased. ANDREW DUELL, Respondent-Appellant; THEA DUELL et al., Appellants-Respondents. [994 NYS2d 858]—

Decree, Surrogate's Court, New York County (Rita Mella, S.), entered on or about August 1, 2013, to the extent appealed from as limited by the briefs, awarding petitioner $3,749,186.07 (representing $4,071,096.46 in executor's commissions pursuant to Surrogate's Court Procedure Act § 2307 [1], less $321,910.39 in surcharges, which represented some of objectants' legal fees) and ordering that petitioner be reimbursed from the estate for his legal fees and costs in the amount of $2,052,847.60, unanimously modified, on the facts and in the exercise of discretion, to reduce the award by $3,787.50, representing an additional surcharge, and otherwise affirmed, with costs.

We defer to the Surrogate's analysis of the benefits and detriments the executor provided to the estate in making an award of commissions.

We do, however, impose an additional surcharge of $3,787.50, representing the fees incurred by objectant Thea Duell and for-

mer (now deceased) objectant Irene Duell to expand the powers of the court-appointed fiduciary so that he could end the deadlock between the two executors appointed by the will. These legal fees benefitted the estate as a whole (*see Matter of Wallace*, 68 AD3d 679 [1st Dept 2009]).

The Surrogate's allowance of $2,052,847.60 of petitioner's legal fees was proper (*see e.g. Wallace*, 68 AD3d at 680).

The Surrogate properly declined to award petitioner an additional $4,721,855.30 in commissions under SCPA 2307 (6). Petitioner's own testimony shows that he already received rental commissions: Nonparty Morgan Holding received 5% of the gross rents and paid out all but a nominal amount of profit to petitioner and his coexecutor. Morgan's expenses were properly deducted from the 5% (*see Matter of Wendel*, 159 Misc 900, 902 [Sur Ct, NY County 1935], *affd* 248 App Div 713 [1st Dept 1936], *affd* 273 NY 532 [1937]).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Friedman, J.P., Moskowitz, Feinman, Gische and Kapnick, JJ.